**Leslie S. BARNES, Jr., Appellant,**

v.

**SEARS, ROEBUCK AND COMPANY,**
Appellee.

No. 12352.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 29, 1968.

Decided Feb. 6, 1969.

---

1. Unit Drop Forge Division, Eaton, Yale & Towne, Inc. v. N.L.R.B., No. 16942.

**860**

Stuart R. Hays, Norfolk, Va. (Amato, Babalas, Breit, Cohen, Rutter & Friedman, Norfolk, Va., on brief), for appellant.

William T. Prince, Norfolk, Va. (Williams, Worrell, Kelly & Worthington, Norfolk, Va., on brief), for appellee.

Before BOREMAN and BUTZNER, Circuit Judges, and McMILLAN, District Judge.

BUTZNER, Circuit Judge:

The facts in this products liability case are simple. Only the dates are important at this stage of the litigation. In December .1964, the plaintiff, Leslie S. Barnes, Jr., bought a bicycle from the defendant, Sears, Roebuck & Company. On August 30, 1965, he was injured while riding the bicycle. On January 9, 1967, more than two years after the sale but less than two years after his injury, Barnes sued Sears charging it with negligence in the inspection and sale of the bike.[1] The district court held that Virginia's two-year statute of limitations should be computed from the time of Sears' alleged negligence and not from the date of Barnes' injury. Consequently, it found the action barred and entered final judgment for Sears.[2] We reverse.

Virginia's pertinent statute of limitations provides in part: "Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued." Va.Code Ann. § 8–24 (1957). Here the sole question is whether the right of action accrued at the time of the seller's negligence or at the time of the buyer's injury.[3] The answer is provided by Sides v. Richard Machine Works, Inc., 406 F.2d 445 (4th Cir. 1969), which was

---

1. Barnes also sued, but later dismissed, the bike manufacturer. He also abandoned his claim against Sears for breach of implied warranty and in his brief limits the issue to his count in tort.

2. The court relied on its earlier case of Owens v. Combustion Eng'r, Inc., 279 F. Supp. 257 (E.D.Va.1967).

3. Trial courts in Virginia differ in their interpretation of the statute. Compare Gatling v. Lewis Chevrolet Corp., No. 5317 (Hustings Court of the City of Portsmouth, August 28, 1968) (statute of limitations begins to run "from the time of the injury rather than the time of the commission of the alleged wrong") with Moss v. Powell, No. 6819 (Court of Law & Chancery of the City of Norfolk), writ of error refused, 205 Va. lxxviii (1964) (statute begins to run "from the time of the commission of the wrong and not from the time of the damage or discovery of the injury").

Friedman v. Peoples Service Drug Stores, 208 Va. 700, 160 S.E.2d 563 (1968), did not decide the question. There the date on which the period of limitations commenced was fixed by concession. The court determined only the length of the limitation period.

decided after the district court's consideration of Barnes' claim. Sides, alleging negligence in the design and construction of a locomotive sold to his employer, sued the manufacturer for personal injuries he suffered when the engine derailed. There, as here, the suit was filed within two years of the injury but more than two years after the negligence. Judge Bryan, writing for the court, held that Sides' right of action accrued at the time of the injury:

"For a claim of the kind here to become actionable these factors are indispensable: (1) a legal obligation of the defendant to the claimant; (2) a commission or omission by the defendant breaching that duty; (3) negligence of the defendant occasioning the breach; and (4) harm to the claimant as a proximate consequence of the breach. Only from the happening of all of these ingredients does a cause of action evolve. Until all of them have become executed actualities, no right of action for the harm is constituted. Virginia's courts have been undeviant in like pronouncement. Trimyer v. Norfolk Tallow Co. et al., 192 Va. 776, 66 S.E.2d 441, 443 (1951); Stephens v. Virginia E. & P. Co., 184 Va. 94, 34 S.E.2d 374, 377 (1945). In *Trimyer* it was expressed in this way:

'To constitute actionable negligence there must be a duty, a violation thereof, and a consequent injury.'

"Here, there was no actionable tort until Sides was hurt. Before that eventuality, of course a duty, an act or failure to act in violation of the duty, and negligence were outstanding, but no tort was then in being; it was no more than a potentiality or threat. If harm had not ensued, there would have been no tort and nothing to sue on. A right of action cannot accrue until there is a cause of action. Sides could not sue before he was hurt, February 2, 1966. When he did sue, February 1, 1968, his action was seasonable." 406 F.2d at 446.

Judge Bryan carefully analyzed all the pertinent Virginia cases, including those relied on by Sears.[4] Were it not for Sears' argument that factual differences make *Sides* inapplicable, we would need to add nothing to Judge Bryan's opinion.

Sears suggests a distinction between the claim asserted by Sides, who had no cause of action whatsoever against the manufacturer of the locomotive until he was injured, and the claim made by Barnes, who at the time of his purchase had an immediate, though undiscovered, cause of action for defective merchandise. Sears relies on Richmond Redev. & H. A. v. Laburnum Constr. Corp., 195 Va. 827, 80 S.E.2d 574 (1954). There the plaintiff, seeking recovery for damage to its property, alleged breach of express and implied warranties and fraud because of a contractor's use of defective workmanship and materials in constructing its building. The defects caused an explosion nearly five years after completion of the work. The Court held that the plaintiff was damaged when the contractor failed to perform its work properly and that the explosion followed as a consequence of the original wrong. Therefore, the Court concluded, the cause of action accrued at the time of the defective work and not on the date of the explosion.

4. An additional case cited by Sears, Rice v. White, 31 Va. (4 Leigh) 474 (1833), is not applicable. There a cause of action for deceit in the sale of property was held to accrue at the time of the sale and not when the fraud was discovered. The court, recognizing that at the time of the sale the cheat was complete and that an immediate cause of action then existed, pointed out that the vendee could have sued the day after the sale and recovered his damages. On the contrary, Barnes could not sue for personal injuries the day after the sale. Until the accident, he had no cause of action for personal injuries. There is a difference between ignorance of a claim (*Rice*) and lack of a claim (*Barnes*). See Dincher v. Marlin Firearms Co., 198 F.2d 821, 826 (2d Cir. 1952) (Frank, J., dissenting); Developments in the Law—Statutes of Limitations, 63 Harv.L.Rev. 1177, 1200 (1950).

■ To be sure, Barnes had a cause of action for damage to his property immediately after he purchased the defective bike, and under *Laburnum* this right of action accrued at the time of sale even though he did not discover the defect until much later. It does not follow, however, that Barnes' right of action for personal injuries also accrued at the time of sale. Virginia recognizes that two separate causes of action—one for damage to property and another for personal injuries—may result from a single tort. The Virginia Supreme Court of Appeals approved the following quotation in an automobile negligence case:

> " '[I]t is sufficient to say that the gist of an action for negligence seems to me to be the harm to person or property negligently perpetrated. * * * Two separate kinds of injury were in fact inflicted, and two wrongs done. The mere negligent driving in itself, if accompanied by no injury to the plaintiff, was not actionable at all, for it was not a wrongful act at all till a wrong arose out of the damage which it caused. One wrong was done as soon as the plaintiff's enjoyment of his property was substantially interfered with. A further wrong arose as soon as the driving also caused injury to the plaintiff's person. Both causes of action, in one sense, may be said to be founded upon one act of the defendant's servant, but they are not on that account identical causes of action. The wrong consists in the damage done without lawful excuse, not the act of driving, which (if no damage had ensued) would have been legally unimportant.' " [5]

It is clear, therefore, that under Virginia law Barnes' right of action for his personal injuries is not identical with his right of action for damage to his property. The injury to his person was a separate wrong. Carter v. Hinkle, 189 Va. 1, 52 S.E.2d 135 (1949). Thus, his personal injuries were not simply a consequence of the original wrong done to his property, as was the explosion in *Laburnum*.

We find, then, no valid distinction between Sides who was injured by a stranger and Barnes who was injured by his vendor.[6] Barnes, like Sides, had no cause of action for personal injuries until he was hurt. Only then did his right of action for personal injuries accrue and the period of limitations begin to run. And because it was brought within two years of injury, his suit was timely.

■ It is true, as Sears argues, that statutes of limitations are statues of repose and under Virginia law must be construed strictly to that end. Quackenbush v. Isley, 154 Va. 407, 153 S.E. 818 (1930). "They are designed to suppress fraudulent and stale claims from being asserted after a great lapse of time, to the surprise of the parties, when the evidence may have been lost, the facts may have become obscure because of defective memory, or the witnesses have died or disappeared." Street v. Consumers Mining Corp., 185 Va. 561, 575, 39 S.E.2d 271, 277, 167 A.L.R. 886 (1946). Our holding today is not in derogation of this policy.[7] The ordinary processes of investigation, discovery, and trial can be expected to separate the wheat from the chaff in products liability cases. But if

---

5. Carter v. Hinkle, 189 Va. 1, 52 S.E.2d 135, 139 (1949), quoting Lord Justice Bowen in Brunsden v. Humphrey, [1884] 14 Q.B.D. 141.

*6. Formerly privity was essential for recovery in products liability cases, Colonna v. Rosedale Dairy Co., 166 Va. 314, 186 S.E. 94 (1936), but Virginia recently abolished lack of privity as a defense. Va.Code Ann. §§ 8–654.4 (Supp.1968) and 8.2–318 (1965). Ironically, the distinction Sears suggests would make privity a defense.

7. State courts confronted by the problem have not hesitated to run the period of limitations from the time of the personal injury and not from the time the plaintiff purchased the faulty product. Chitty v. Horne-Wilson, Inc., 92 Ga.App. 716, 89 S.E.2d 816 (1955); Gile v. Sears, Roebuck & Co., 281 App.Div. 95, 120 N.Y.S.2d 258 (1952); Kitchener v. Williams, 171 Kan. 540, 236 P.2d 64 (1951). See Annot., 4 A.L.R.3d 821, 829 (1965); 1967–1968 Annual Survey of Virginia Law, 54 Va.L.Rev. 1651 (1968).

this proves inadequate, the legislature—not the courts—can better weigh the competing interests and consider the myriad possibilities for change.

The judgment of the district court is reversed, and this case is remanded for further proceedings.