SMITHFIELD PACKING COMPANY, INC., Plaintiff,

v.

DUNHAM–BUSH, INCORPORATED, et al., Defendants.

Civ. A. No. 75–542–N.

United States District Court, E. D. Virginia, Norfolk Division.

July 26, 1976.

---

Seawell, McCoy, Dalton, Hughes, Gore & Timms, Norfolk, Va., for plaintiff.

Herbert & Bohannon, Norfolk, Va., for Lukens Steel Co.

West, Wilkinson, Stein & West, Newport News, Va., for Dunham-Bush.

White, Reynolds, Smith, Winters, Townsend & Lucas, Norfolk, Va., for Boiler Engineering.

Eley, Rutherford & Leafe, Norfolk, Va., for Phoenix Steel.

Breeden, Howard & MacMillan, Norfolk, Va., for Hartford Steam Boiler.

Taylor, Gustin, Harris, Fears & Davis, Norfolk, Va., for Space Comfort, Inc.

## MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

This matter comes before the Court on defendants' motions to dismiss and for summary judgment on the ground that the applicable statute of limitations bars this suit. Plaintiff purchased a boiler in December of 1963 for use in its Smithfield, Virginia, plant. On October 22, 1973, the boiler exploded and caused damages to plaintiff's property. Plaintiff filed suit on October 21, 1975. Summarizing the forty-one (41) count Complaint, plaintiff seeks recovery under the following theories:

(a) breach of express warranty;

(b) breach of express and implied warranty of merchantability;

(c) breach of warranty of future performance;

(d) tortious breach of duty of design, manufacturing, assembly, and inspection;

(e) negligent misrepresentation of performance;

(f) tortious breach of duty to warn of defects;

(g) tortious breach of duty of quality workmanship;

(h) breach of warranty of fitness for a particular purpose.

Jurisdiction is attained under the Court's authority to resolve disputes between citizens of different states. 28 U.S.C. § 1332. The Court is obligated to apply the law of Virginia under the *Erie* doctrine.

Defendants contend that the five (5) year statute of limitations provided in Section 8–24, Code of Virginia (1957 Repl. Vol.) bars this suit. Section 8–24 is applicable, according to defendants, because the action does not fall within the ambit of any specific statutory provision and therefore, is governed by the general limitation provision. Section 8–24 provides in pertinent part:

"Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued."

Defendants argue that the cause of action accrues at the time of purchase, December of 1963, thereby providing plaintiff with a five (5) year period within which to bring suit. It is defendants' position that the case law supports this analysis.

Plaintiff rebuts with a twofold argument. Initially, plaintiff states that the controlling statute of limitations provision is Section 8.2–725, Code of Virginia (1965). Prescribing the statute of limitations in contracts for sale of goods, the statute provides in relevant part:

"§ 8.2–725. Statute of limitations in contracts for sale.—(1) An action for breach of contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

"(3) Where an action commenced within the time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute."

Relying on Section 8.2–725, plaintiff argues that the defendants provided an explicit warranty of future performance and *a fortiori* the breach and concomitantly the accrual date did not occur until the time of such future performance. Employing this analysis, the breach occurred when the boiler exploded. This suit, therefore, was brought within the limitation period according to the plaintiff.

Plaintiff's second argument is that the general statutory provision governing personal actions, Section 8–24, provides that a cause of action does not accrue until plaintiff suffers injury. The injury here did not occur until the explosion destroyed the boiler damaging plaintiff's surrounding property. Plaintiff contends that ruling otherwise would ignore economic realities and perpetrate a grave injustice.

Defendants retort that Section 8.2–725 does not apply because the statute, a section of the Uniform Commercial Code, did not become effective until January 1, 1966[1]—subsequent to the 1963 sale of the boiler to plaintiff. Defendants claim plaintiff's action accrued in 1963 and buttress this

1. *See* Section 8.10–101, Code of Virginia (1965).

assertion by citing subsection four (4) of Section 8.2–725. The subsection provides:

"(4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this act becomes effective. (1964, c. 219)."

Defendants conclude that the cause of action accrued in 1963 before the Act became effective and, therefore, plaintiff's sole statutory recourse is Section 8–24, which, as noted previously, mandates a five (5) year limitation period.

The Court will consider first whether the limitations provided in the Uniform Commercial Code, Section 8.2–725, is controlling. Plaintiff's theory is premised on two assumptions: (1) that Virginia common law recognized a warranty of future performance,[2] (2) that the adoption of the Uniform Commercial Code and specifically the warranty of future performance preempts and supersedes the previous statute of limitations infusing plaintiff with a continuing cause of action throughout the period of performance.[3] The Court believes these premises are invalid. Plaintiff's theory would have the UCC provisions governing limitation of actions bootstrapped to a previously consummated, pre-UCC transaction. Plaintiff purchased the boiler in 1963. Virginia adopted the UCC in 1964 effective January 1, 1966. Section 8.10–101, Code of Virginia (1965).

▮ Distilling plaintiff's argument, its theory would require the Court to apply a statute effective in 1966 to a 1963 transaction. Both the unambiguous language of the statute and logic compel the Court to reject this theory. Section 8.2–725(4) provides explicitly that the section does not apply to causes of action which have accrued before the Act becomes effective. For plaintiff to prevail, the breach of war-

ranty would have to accrue after 1966. Plaintiff does not offer any solution how the chasm between the boiler's sale in 1963 and the 1966 UCC effective date should be bridged. Apparently, plaintiff would have the Court look to Section 8.2–725 to define when a cause of action accrues. The Court is unable to follow this cyclic logic. Furthermore, a survey of treatises does not suggest such an approach. *See* R. Anderson, 2 *Uniform Commercial Code*, § 2–725:23–24, pp. 562–563 (2d ed. 1971). The Court believes that it must look to the definition of accrual prior to the enactment of Section 8.2–725. Additionally, plaintiff has not established that a warranty of future performance was available at common law in Virginia to permit plaintiff to extend the accrual date. To ascertain when a cause of action accrues, the general statutory provisions governing limitations of actions must be examined. This examination will entail the same considerations and demand discussion of the same case authority as presented by the parties in their arguments of the applicability of Section 8–24. Although this analysis is undertaken for determining the accrual date, as the term is employed in Section 8.2–725, the same analysis controls the application of Section 8–24 to the instant facts.

Several courts have focused on the issue of when a cause of action accrues for Virginia statute of limitation purposes. Both the Fourth Circuit Court of Appeals and the Supreme Court of Virginia have examined this area. Numerous factors are involved in deciding when a cause of action accrues. *See generally* 4 A.L.R.3d 821, 831, § 5. At first blush, it appears that the form of action might control the measurement of the appropriate limitation. The Fourth Circuit, however, has dismissed that approach holding that the wrong alleged, not the form of action, controls the statute of limi-

---

**2.** The statute is unambiguous that the general time of accrual is when the goods are tendered to the purchaser. Therefore, plaintiff's sole remedy is through the exception carved out in warranties for future performance.

**3.** A third premise is that the warranty of future performance continues throughout the entire period of ownership. Although some case law ostensibly contradicts this premise, *see* R. Anderson, *Uniform Commercial Code* § 2–725:25, pp. 562–563 (2d ed. 1971) that issue is not

tations issue.[4] *Sides v. Richard Machine Works, Inc.,* 406 F.2d 445 (4th Cir. 1969).

The determination of the accrual date has arisen frequently in products liability, personal injury and property damage suits. The most prominent decisions are *Sides v. Richard Machine Works, Inc., supra; Barnes v. Sears, Roebuck & Co.,* 406 F.2d 859 (4th Cir. 1969), and *Caudill v. Wise Rambler, Inc.,* 210 Va. 11, 168 S.E.2d 257 (1969). In *Sides,* the Fourth Circuit was presented with a suit to recover damages for physical injuries. Plaintiff was injured while operating a gasoline locomotive in the course of his employment in 1966 and filed suit against the machine's manufacturer in 1968. Plaintiff's employer purchased the machine in 1958. Defendant argued that the suit was barred by the statute of limitations because the cause of action accrued in 1958. The District Court accepted this argument and held that the limitation period commenced at the time of the machine's purchase based upon its interpretation of Virginia authorities. After surveying Virginia decisional precedents, the Fourth Circuit reversed. The appellate court stated that the plaintiff did not have a cause of action for the manufacturer's negligence until he was injured by it. The manufacturer argued that the decision in *Richmond Redevelop. & H. A. v. Laburnum Construction Corp.,* 195 Va. 827, 80 S.E.2d 574 (1954), dictated a different result. The facts in *Laburnum* are analogous to those in the instant case. Plaintiff alleged that a gas explosion on January 29, 1948, emanated from defective materials and unskillful workmanship in the pipe installation which was completed February 26, 1943. Plaintiff relied upon express and implied warranties. The Virginia Supreme Court concluded that the action accrued when the pipes were installed and not at the time of the explosion. The Court reiterated that the rule that the limitation begins to run when cause of action accrues rather than when damage has been sustained. The explosion was merely the consequential damage of

the original breach of warranty. Reading *Laburnum* and *Sides* together, the Fourth Circuit extrapolated that the same original negligence may at once create:

"(a) an immediate cause of action such as the resulting harm to the pipe line in *Laburnum* or to the employer's locomotive here [*Sides*], with which a right of action accrues simultaneously; and (b) an unripe cause of action not ripening into an actual cause of action until the happening of a future event, such as resulting personal harm to the appellant Sides, when, but not until then, a right of action accrues thereon. The onset of the limitation in both instances commences at the time of the harm, and not before." *Sides, supra,* at 448.

In these cases, the courts' focus has been on the harm. In *Laburnum,* the harm occurred in the installation of the pipes. The subsequent explosion was merely the consequential damage of the harm. *Sides* adopted a bifurcated approach—the property claim arising immediately and the personal injury claim accruing at the time of the harm.

*Barnes v. Sears, Roebuck & Co.,* 406 F.2d 859 (4th Cir. 1969), follows the progression of the early cases. Plaintiff sued the seller of a bicycle alleging negligence in the inspection and sale of the product. The bike was purchased in 1964 and the injuries occurred in 1965. Suit was filed in 1967 more than two years after purchase but within two years of the date of injury. Defendant argued that the sale date commenced the limitation period. Rejecting this analysis, the Court stated that the plaintiff had a cause of action for property damage immediately after he purchased the defective bike; however, the plaintiff's cause of action for personal injuries did not accrue until he was hurt. The *Barnes* court cited with approval its decision in *Sides* that a cause of action in property damage actions vis-a-vis personal injury accrue at a different time even though the actions have their genesis in a common product and share the

---

before the Court and would only be a matter of proof at trial.

4. This may be a semantic distinction without a difference.

same purchase date.[5]  *Cf. Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 168 S.E.2d 257 (1969). Although the distinction is arguably tenuous and potentially suspect to inconsistency in exceptional or peculiar circumstances, the standard must be applied in the instant case.

The Court is cognizant that holding the cause of action accrued when the boiler was purchased in 1963 renders a harsh result. Furthermore, the Court is not unmindful that the District Court for the Western District of Virginia has reached the opposite conclusion in a similar factual setting. *Insurance Company of North America v. General Electric Co.*, 376 F.Supp. 638 (W.D. Va.1974) [hereinafter referred to as "INA"]. That court analyzed exhaustively the decisional precedents discussed herein. A review of the *INA* decision will delineate the considerations involved here. In 1961, the Elks Home purchased an electric fryer which was used in its kitchen without incident until 1970. In that year, a fire started in the fryer resulting in extensive damage to the Elks Home. Suit was filed in 1972 on the theories of negligence, breach of implied warranty and strict liability in tort. Defendant argued that Section 8–24 barred the suit. After reviewing the *Sides, Barnes* and *Caudill* decisions, the Court queried that "it is difficult to see how the cause of action for fire damage . . . could have accrued at the time the deep fryer was purchased, as there was no damage to the Home itself at that time . . . " *INA, supra* at 643.

The District Court distinguished *Laburnum* on the ground that the plaintiff there relied primarily "on the quasi-tort of the initial injury done to the gas line and the negligence of using poor material and deficient workmanship in installation—all of which conduct was directed at the housing unit itself." *INA, supra* at 644. The harm occurred at installation giving rise to a cause of action for damages *ab initio.* In contrast, the court surmised that the fryer

did not damage the Home when purchased but only after the 1970 fire. The Court, therefore, concluded:

"There seems to be no logical reason why this court should utilize a double standard and hold that plaintiff's cause of action occurred in this instance at any time other than the date of the fire, when under *Sides, Barnes* and *Caudill,* causes of action for personal injuries do not accrue until the actual date of the injury." *INA, supra* at 645.

From the *INA* court's perspective, the decision is further buttressed by the purpose of statute of limitations which were designed to prohibit assertion of stale or fraudulent claims after the dimming of memories and the absence of witnesses. The Court summarized its holding in the following manner:

"In sum, to allow plaintiff in the instant case to seek recovery under a negligence count, in the opinion of this court is in principle indistinguishable from allowing the plaintiffs in *Sides, Barnes,* and *Caudill* to pursue relief. The Elks in the case at hand were in no better position to guard against damage to their property until they were cognizant of the alleged defective condition of the deep fryer than were the plaintiffs in the above trilogy of cases able to guard against injury to their persons." *INA, supra* at 647.

Distinguishing *Laburnum,* the District Court attached significance to the fact that the fryer was not a permanent improvement to the real estate as were the pipe joints in *Laburnum.* In essence, the *INA* court concluded that the warranty counts of the Complaint were barred by the limitation provision but that the negligence count survived.[6] It reasoned that a negligence cause of action did not accrue until the initial injury, i. e., the fire.

The *INA* decision bears a strong resemblance to the instant case. The Court empathizes with the dichotomy that the Court

**5.** Section 8–24, Code of Virginia (1957 Repl. Vol.) was the statute under consideration in *Barnes.*

**6.** The Court conceded that under Virginia law the warranty period commenced on the day of sale. *INA, supra* at 643.

faced; however, this Court believes that the *INA* decision is not supported by the decisional authorities. The *INA* court distinguished between theories of action and their respective accrual dates. The Fourth Circuit has expressly proscribed an analysis of limitation provisions contingent on the type or form of pleading or action. *Sides, supra* at 448.

The *INA* decision may be compelling from a logical posture in our highly technological society in which latent defects in sophisticated machinery may not be discovered for years after the sale. Nevertheless, the *INA* decision is the only decision the Court has discovered in this jurisdiction to hold that a cause of action accrues when the property damage occurs rather than at the time of sale. The *INA* court failed to recognize that the previous decisions have concluded that a different result is militated in personal injury suits when contrasted to property damage actions. *See, e. g., Campbell v. Colt Industries, Inc.,* 349 F.Supp. 166 (W.D.Va.1972). The case law appears unambiguous. In this Court's opinion, the accrual time in *INA* should have commenced when the fryer was sold and not when the fire occurred.[7]

Another decision in this district supports this Court's view of the appropriate accrual time. *McCloskey & Co. v. Wright,* 363 F.Supp. 223 (E.D.Va.1973). In that case, plaintiff builders sued architects for damages incurred as a result of faulty construction design. The builders alleged breaches of warranty and contract, negligence in design and supervision, and also sought indemnity for litigation expenses. Relying on *Laburnum,* the Court held that the breach occurred when the architect tendered the defective plans and not after the building was constructed and the roof leaked.[8] In a footnote, the Court commented that the leaking roof was consequential though possibly foreseeable damage resulting from allegedly defective plans.

The Court opines that the *McCloskey* decision was decided properly and supports the Court's determination in the instant case. *See also Federal Reserve Bank of Richmond v. Wright,* 392 F.Supp. 1126 (E.D. Va.1975).

■ In conclusion, the Court holds that plaintiff's cause of action accrued when the boiler was purchased in 1963. The explosion and property damage, similar to *Laburnum,* was merely the consequential damage of the original negligence and breaches of warranties at the time of sale. Furthermore, the Court concludes that for purposes of Section 8.2–725(4), accrual of a cause of action as employed in that section, is defined by pre-Uniform Commercial Code decisions. Those decisions have held uniformly that in property damage actions, regardless of whether they sound in contract or tort, the accrual time begins on the purchase date. Although the explosion and its ramifications occurred in 1973, Virginia has followed religiously the rule that the limitation statute is triggered when the harm is done and not when the plaintiff discovers the injury. *Hawks v. DeHart,* 206 Va. 810, 146 S.E.2d 187 (1966).

Therefore, plaintiff's suit is barred by the statute of limitations. The Court GRANTS defendants' motion to dismiss and ORDERS the above-styled action DISMISSED.

The Clerk is directed to send copies of this Opinion and Order to all counsel of record.

---

7. The Court notes parenthetically that in the instant case the product was a boiler, a permanent improvement to the real estate and a point of distinction from *INA*. The Court, however, does not believe that this distinction is an appropriate one. The Court is of the opinion that the *INA* court drew a distinction which did not necessarily compel a different result. In fact, the Court speculates that defects in a fryer which was in use and open to the user's purview would arguably support an earlier rather than later accrual time.

8. Although the *McCloskey* court was analyzing the accrual time for purposes of Section 8–13, Code of Virginia (1957 Repl. Vol.), this statutory provision does not invalidate its application in the instant case.