**E. T. GRESHAM COMPANY, INC., Plaintiff,**

v.

**KOEHRING CRANE AND EXCAVATOR GROUP, Defendant.**

Civ. A. No. 79–509–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Aug. 28, 1979.

Robert G. Byrum, Shames & Byrum, Chesapeake, Va., for plaintiff.

Charles F. Tucker, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for defendant.

MEMORANDUM ORDER AND OPINION

CLARKE, District Judge.

In 1973 the plaintiff, a Virginia corporation, purchased an eighty ton crane manufactured by the defendant, a Wisconsin corporation. The plaintiff alleges that this crane was serviced properly and operated satisfactorily until August 7, 1978. On that date, while the crane was being used to lift a forklift from the hold of a ship, the upper portion of the crane fell forward and be-

came uncontrollable. As a result, the fork-lift fell to the bottom of the hold, causing damage to the ship and the forklift. The plaintiff paid for these damages and brought this action to recover these amounts from the defendant, alleging that the crane was defective in breach of the defendant's implied warranties of the crane's merchantability and fitness for the particular purpose for which it was used.

This Court has jurisdiction over this claim under 28 U.S.C. § 1332. The claim is before the Court on the defendant's motion for summary judgment on the ground that it is barred by the statute of limitations.

The plaintiff's claim for property damages arising from the defendant's alleged breach of implied warranties in the sale of goods is subject to the limitations of section 8.2–725 of the Code of Virginia, which provides in pertinent part:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

There is no dispute that the crane was delivered in 1973. Therefore, unless the implied warranties relied upon by the plaintiff "explicitly extend to future performance" of the crane, the period of limitations began to run in 1973 when the crane was purchased. This result is consistent with the rule in Virginia prior to the adoption of this section of the Uniform Commercial Code, that actions for property damage arising from a breach of warranty accrue at the time of the sale, regardless of when the breach is discovered or the damage occurs. *See Smithfield Packing Co. v. Dunham-Bush, Inc.*, 416 F.Supp. 1156 (E.D.Va.1976); *Insurance Co. of North America v. General Elec. Co.*, 376 F.Supp. 638 (W.D.Va.1974). *See also, Comptroller v. King*, 217 Va. 751, 232 S.E.2d 895 (1977).

To exempt itself from this limitation, the plaintiff argues that the implied warranties given by the defendant warrantied not only the initial performance of the crane, but also its future performance. The language of the Code makes it clear that the "future performance" exception is available only if the warranty *explicitly* extends to such future performance. Although there appear to be no Virginia cases construing this requirement, the majority of other jurisdictions which have considered the question have ruled that a warranty extends to the future performance of goods only if it clearly and expressly so states. *See, e. g., Raymond-Dravo-Langenfelder v. Microdot, Inc.*, 425 F.Supp. 614 (D.Del.1976); *Binkley Co. v. Teledyne Mid-America Corp.*, 333 F.Supp. 1183 (E.D.Mo.1971), *aff'd*, 460 F.2d 276 (8th Cir. 1972). The implied warranties relied upon by the plaintiff do not constitute such explicit warranties of future performance. These warrant the present condition rather than the future performance of the goods. *See, e. g., Holdridge v. Heyer-Shulte Corp.*, 440 F.Supp. 1088, 1104 (N.D.N.Y.1977); *General Motors Corp. v. Tate*, 257 Ark. 347, 516 S.W.2d 602 (1974); *Voth v. Chrysler Motors Corp.*, 218 Kan. 644, 545 P.2d 371 (1976); *Wilson v. Massey-Ferguson*, 21 Ill. App.3d 867, 315 N.E.2d 580 (1974).

Because the plaintiff's claim rests entirely on implied warranties, he cannot avail himself of the "future performance" exception. The four-year statute of limitations began to run when the crane was purchased in 1973, and expired before this action was filed on May 8, 1979. Therefore, the plaintiff's action is barred by the statute of limitations and the defendant's motion for summary judgment is GRANTED and judgment is entered for the defendant.