**BURKE–PARSONS–BOWLBY
CORPORATION, Plaintiff,**

v.

**E.D. ETNYRE & CO. and A.E. Finley &
Associates of Virginia, Inc.,
Defendants.**

**Civ. A. No. 83–0508(R).**

United States District Court,
W.D. Virginia.

May 29, 1984.

David B. Hart, M. Lanier Woodrum, Heman A. Marshall, III, Roanoke, Va., for plaintiff.

Carroll D. Rea, Hazlegrove, Dickinson, Rea, Smeltzer & Brown, Roanoke, Va., for defendants.

### MEMORANDUM OPINION

TURK, Chief Judge.

### I.

### PROCEDURAL POSTURE

Plaintiff commenced this diversity action on June 14, 1983 to recover for consequential property damage incurred as the result of a June 11, 1981 accident. Defendants, the manufacturer and retailer of the tank trailer which overturned and allegedly caused the property damage, have moved to dismiss the action on the ground that it is time barred.

### II.

### FACTS

The facts pertinent to defendants' motion can be briefly set forth. Defendant E.D. Etnyre manufactured a tank trailer designed to haul bulk liquids. Etnyre sold the trailer to co-defendant A.E. Finley & Associates, a retailer, prior to June 1977. In June 1977 Finley resold the trailer to plaintiff, Burke-Parsons-Bowlby.

On June 11, 1981 the trailer overturned in North Carolina, spilling its cargo of creosote onto the ground. Over two years later, on June 14, 1983 plaintiff brought this action to recover expenses it incurred for cleanup of the spill. Plaintiff's complaint alleges that defendants were negligent and breached their express and implied warran-

ties in that a defect in the trailer permitted its contents to leak after the rollover.

## III.

### STATUTE OF LIMITATIONS

Both parties concede that this court must apply the statute of limitations which would be applied by the Supreme Court of Virginia. They further agree that the applicable limitation period is five years. Code of Va. §§ 8.01–246(4); 8.01–243(B).[1] The sole issue over which the parties disagree is the date on which plaintiff's cause of action accrued.

Plaintiff contends that its cause of action for consequential property damage accrued on June 11, 1981, the date of the spill. Defendants, however, argue that plaintiff's claim accrued in June of 1977 when it purchased the trailer from Finley.

The court is compelled to conclude that under controlling Virginia law, plaintiff's cause of action for consequential property damage accrued at the time of sale. Its complaint is thereby time barred since the five year limitation period expired in June, 1982, a year before it commenced this suit. *See Logan v. Montgomery Ward*, 216 Va. 425, 219 S.E.2d 685 (1975); *Richmond Redevelopment and Housing Authority v. Laburnum*, 195 Va. 827, 80 S.E.2d 574 (1954); *E.T. Gresham Co., Inc. v. Koehring Crane and Excavator Group*, 479 F.Supp. 132 (E.D.Va.1979).[2]

1. Va.Code § 8.01–246(4) provides that
   as to any action to which § 8.2–725 of the [UCC] is applicable, that section shall be controlling except that in products liability actions for injury * * * to property, other than property subject to contract, the limitation prescribed in § 8.01–243 shall apply.
   Va.Code § 8.01–243(B) provides:
   Every action for injury to property * * * shall be brought within five years next after the cause of action shall have accrued.

2. The court is mindful that holding that a cause of action for consequential property damage accrues at the time of sale renders harsh, and often illogical, results. Under the Virginia rule one who sustains a very minor physical injury as the result of a defective product can bring his

As plaintiff's cause of action is untimely, defendants' motion to dismiss shall be granted in an order to be entered this day.

action within two years after he sustains the injury. This is true whether he purchased the defective product one month or 20 years before the injury-causing occurrence. The time of sale is simply irrelevant. However, if the purchaser of the defective product sustains substantial property damage as a result of his product's defect, he is forever precluded from recovering against the retailer, distributor and/or manufacturer unless the defect fortuitously manifests itself within 5 years of its purchase.

However, it is the perogative of the state's legislature and highest court to prescribe and interpret limitation periods for state causes of action. A federal court, exercising its diversity jurisdiction, can neither substitute nor impose its own views or beliefs when the applicable state law is unambiguous.