Steven D. BOND, Plaintiff,

v.

MORTON BUILDINGS, INC., Defendant.

Civ. A. No. 3:92–0335.

United States District Court,
S.D. West Virginia,
Huntington Division.

March 18, 1993.

Stephen Flesher, Huntington, WV, for plaintiff.

Peter D. Levy, Levy & Trautwein, L.C., Huntington, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

This case commenced to trial before a jury on March 9, 1993. To prove liability the Plaintiff presented four witnesses to testify to the Defendant's alleged negligence. At the close of the liability testimony the Defendant moved for directed verdict, which the Court treated as a motion for judgment as a matter of law under *Rule 50(a)* of the Federal Rules of Civil Procedure. For reasons discussed below, the Court GRANTS the defense motion.

■ Under *Rule 50(a)* a court may grant judgment as a matter of law during a jury trial, after a party has been fully heard on the issue, if "there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue." The court must consider the evidence in the light most favorable to the nonmoving party and determine whether reasonable triers of fact could draw only one conclusion. *Townley v. Norfolk & Western Ry. Co.,* 887 F.2d 498, 499 (4th Cir.1989). To avoid judgment as a matter of law, the nonmoving party must produce at trial more than a scintilla of evidence to support the material aspects of his case. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–252, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986).

■ As developed at trial, the relevant facts are as follows. The Plaintiff contracted with the Defendant to construct the shell of a storage building. The Plaintiff, an experienced carpenter, intended to finish out the building by his own labor. After the construction contract was completed by the Defendant and accepted by the Plaintiff, the Plaintiff attempted to climb up "two by four" furring "strips" installed per contract by the Defendant. These furring strips encircled the interior of the building, horizontally and parallel to the floor, with the furring at the twelve foot height level covered by a clear plastic vapor barrier. While climbing the furring strips the Plaintiff reached for the strip at the twelve foot level which was covered by vapor barrier. He was unable to establish a grip and fell to the concrete floor,

breaking his leg and suffering other injuries. The Plaintiff testified he was unable to see the vapor barrier, although he had worked in the same area immediately previous to the accident. Plaintiff was alone at the time of the fall.

■ The Plaintiff asserted the vapor barrier was negligently installed. Negligence consists of the doing of something a reasonable person would not do under the same or similar circumstances or the failure to do something a reasonable person would do under like circumstances. Given the opportunity to do so, the Plaintiff failed to offer a scintilla of evidence suggesting the vapor barrier was installed in a negligent, unreasonable manner.[1] No evidence was presented that Defendant failed to comply with either contract specifications or industry standards. The Court concludes the Defendant is entitled to judgment as a matter of law on the claim for negligent installation.

■ The Plaintiff also claimed the Defendant negligently breached its duty to warn him of a dangerous condition. The putative "duty" to warn arose from knowledge imparted by Plaintiff to two employees of Defendant that Plaintiff would be working at the twelve foot height level to install overhead storage bins. One of these employees, Lee Sullivan, was the outside salesman who sold the building to the Plaintiff. The other, Dwight Edwards, was a friend of the Plaintiff and a base level construction worker for Morton Buildings. The Plaintiff testified at least one of these employees informed him the furring could be used as a ladder substitute. The Defendant's job foreman, Scott Sudmán, denied having such conversations with the Plaintiff, and Plaintiff could not recall any discussions with Sudman.

■ A duty to warn arises if a party is on notice of a dangerous condition brought about by its activities, or if it was reasonably foreseeable to that party that its activities would pose a foreseeable danger to the Plaintiff. As noted, Plaintiff offered no proof of a defect or dangerous "condition." From the evidence the Defendant was never "on notice" of a dangerous condition and the correlative duty to warn never arose.

The Plaintiff also failed to offer a scintilla of proof that Morton Buildings should have foreseen the Plaintiff's decision to use furring as a ladder substitute twelve feet above the surface of the floor. Specifically, Plaintiff offered no evidence that Sullivan or Edwards acted within their scope of authority in advising Plaintiff to use the furring strips. Neither Sullivan, an outside salesman, nor Edwards, a base level construction worker, had or claimed authority. Proper authority, if any, belonged to the job foreman, Scott Sudman. Morton Buildings cannot be bound by the gratuitous advice of Sullivan and Edwards, assuming it was given by either or both of them.

From the evidence adduced, the Court could not allow the jury to speculate on what the Defendant's duty to warn the Plaintiff was or could have been. The Court further notes that case law relied on by the Plaintiff does not support the duty urged here.[2]

Accordingly the Court GRANTS the motion for judgment as a matter of law.

---

1. Prior to ruling on Defendant's motion for judgment as a matter of law, the Court asked Plaintiff's counsel whether he had any additional evidence to prove Defendant's alleged negligence. The Plaintiff responded in the negative, and stated that all further witnesses for the Plaintiff would be testifying only on damages issues. With this inquiry the Court attempted to comply with the intent of the drafters of Rule 50(a)(1), as expressed in the "Notes of Advisory Committee on Rules, 1991 Amendment":

> ... [Rule 50(a)(1)] authorizes the court to consider a motion for judgment as a matter of law as soon as a party has completed a presentation on a fact essential to that party's case

... In no event, however, should the court enter judgment against a party who has not been apprised of the materiality of the dispositive fact and been afforded an opportunity to present any available evidence bearing on that fact.

2. Jury instructions requested by Plaintiff refer to the following cases, none of which address a duty to warn: *Sides v. Richard Mach. Works, Inc.*, 406 F.2d 445 (4th Cir.1969); *Barnes v. Sears, Roebuck & Co.*, 406 F.2d 859 (4th Cir.1969); *Sewell v. Gregory*, 179 W.Va. 585, 371 S.E.2d 82 (W.Va. 1988).