## CIRCUIT COURT OF LOUDOUN COUNTY

Providence Village
Townhouse Condominium
Association

v.

Amurcon-Loudoun Corp. et al.

January 18, 1994

Case No. (Law) 12206

BY JUDGE THOMAS D. HORNE

Plaintiff, Providence Village Townhouse Condominium Association, initiated the instant action to recover damages for alleged defective fire retardant plywood utilized in the roofing of common elements of their condominium development. In their Motion for Judgment, they have named as Defendants: the builder/declarant (Amurcon-Loudoun), the materials supplier (Lowe's Home Centers, Inc.), and the manufacturer/treater of the FRTP (Hoover Treated Wood Products, Inc.) used in the construction. The Association has asserted a variety of theories of recovery. These include the following:

1. Strict liability as applied to each of the named Defendants (Count I).

2. Breach of Statutory Warranty by the Declarant (§ 55–79.79, Code of Virginia) (Count II).

3. Breach of Express and Implied Warranties as to the Declarant (Count III).

4. Breach of Express and Implied Warranties as to the Supplier (Lowe's) and Treater (Hoover) (Count IV).

5. Negligence of the Declarant in the design, construction, etc., of the common elements (Count V).

6. Violation by the Declarant of the Virginia Consumer Protection Act in making of false promises, representations, etc., in conjunction

with the sale of the condominium units. (Chapter 17 of Title 59.1, Code of Virginia) (Count VI).

7. Violation by Hoover of the Virginia Consumer Protection Act in the making of misrepresentations, etc., concerning the plywood furnished (Chapter 17 of Title 59.1, Code of Virginia) (Count VII).

8. Fraud of Hoover in concealment and inducements relative to the suitability of the plywood for roofing (Count VIII).

Subsequent to the filing of the Motion for Judgment, Lowe's and Hoover asserted various cross-claims and third party claims *inter se* and against others now parties to the action. The Motion for Judgment, as well as these various cross-claims and third party claims, are the subject of various demurrers, special pleas, and motions before the Court for review.

Subsequent to the filing of the Motion for Judgment, the parties took the following action.

### Amurcon-Loudoun (the Declarant)

1. Filed a third party Motion for Judgment against Allied Plywood, Inc., seeking indemnification and contribution in connection with Plaintiff's Motion for Judgment, based upon Allied's alleged negligence, fraud, and breach of express and implied warranties.

2. Filed a third party Motion for Judgment against Chesapeake Corporation seeking indemnification and contribution in connection with Plaintiff's Motion for Judgment based upon Chesapeake's alleged negligence, fraud, and breach of express and implied warranties.

3. Filed a cross-claim against Lowe's Homes Center, Inc., seeking indemnification and contribution in connection with Plaintiff's Motion for Judgment based upon Lowe's alleged negligence, fraud, and breach of express and implied warranties.

4. Filed a cross-claim against Hoover Treated Wood Products, Inc., seeking indemnification and contribution in connection with Plaintiff's Motion for Judgment based upon Hoover's alleged fraud, negligence, violation of Virginia's Consumer Protection Act, and breach of express and implied warranties.

### Lowe's Home Center, Inc. (the Supplier)

1. Filed a demurrer and plea in bar to the Motion for Judgment in which they raise the following: the bar of the statute of limitations and statute of repose (§ 8.01–250), failure to state fraud with specificity, a

failure to state sufficient facts justifying recovery for negligence or fraud, and unavailability of strict liability as a grounds for recovery.

2. Filed a demurrer, special plea, and motion to dismiss the Motion for Judgment and cross-claim of Amurcon.

3. Filed a cross-claim against Hoover which has been nonsuited.

4. Filed a demurrer and special pleas to the cross-claim of Allied Plywood, which has been withdrawn.

### Hoover Treated Wood Products (the Treater)

1. Filed a demurrer and plea in bar to the Motion for Judgment in which they raise issues of the bar of the statute of limitations and statute of repose (§ 8.01–250), failure to state fraud with specificity, and failure to state sufficient facts justifying recovery for negligence or fraud.

2. Filed a motion for summary judgment and motion to dismiss the Motion for Judgment and cross-claim of Amurcon.

3. Filed a demurrer and special plea to Allied Plywood's cross-claim.

### Chesapeake Corporation (a FRTP Treater)

1. Filed a Third Party Motion for Judgment against Allied Research Group, Inc., which has been dismissed. It is alleged that Allied Research manufactured, etc., the fire retardant chemical used in the treating of plywood by Chesapeake.

2. Filed a demurrer to Amurcon-Loudoun's Third Party Motion for Judgment. (Chesapeake notes, *inter alia*, that the Motion for Judgment filed by Providence Village seeks relief for defects in fire retardant plywood treated by Hoover and not Chesapeake.)

### Allied Plywood, Inc. (a Plywood Manufacturer)

1. Filed a demurrer and special plea to Amurcon's Third Party Motion for Judgment (Allied notes, *inter alia*, that the Motion for Judgment filed by Providence Village seeks relief for defects in fire retardant plywood manufactured and treated by Hoover and not Allied).

2. Filed a cross-claim against Lowe's Home Center, Inc., which has since been withdrawn.

3. Filed a cross-claim against Hoover seeking indemnification and contribution in connection with Plaintiff's Motion for Judgment based

upon Hoover's alleged fraud, negligence, and breach of express and implied warranties.

4. Filed a cross-claim against Chesapeake Corporation seeking indemnification and contribution in connection with Plaintiff's Motion for Judgment based upon Chesapeake's negligence, fraud, and breach of express and implied warranties.

5. Filed a cross-claim against Applied Research Group based upon Applied's breach of warranty, negligence, and fraud.

### Applied Research Group, Inc.

1. Filed a demurrer to Chesapeake's Third Party Motion for Judgment (this has been dismissed).

Except as otherwise specifically noted below, the Court finds that the issues raised by the pleadings are not ripe for adjudication and the respective motions, demurrers, or pleas will be overruled/denied.

### Strict Liability

Virginia does not recognize strict liability as a ground for recovery in products liability cases. *Harris v. T.I., Inc.*, 243 Va. 63 (1992). To the contrary, those activities which have been held strictly liable in tort have been those involving ultra-hazardous activities, such as blasting. In such cases, the Court has noted the unpredictability of harm to others and thus the inability to eliminate the risk occasioned by such activity through the exercise of reasonable care. *M. W. Worley Construction Co. v. Hungerford, Inc.*, 215 Va. 377 (1974); *see generally*, Prosser and Keeton, *The Law of Torts*, § 78 (5th ed. 1984). Plaintiff's conclusory allegations concerning the nature of FRTP and the possibility of harm resulting from defects in manufacture and application do not present a case warranting the application of the rule of strict liability in Virginia. Accordingly, the demurrers to Count I of the Motion for Judgment will be sustained and that Count is dismissed.

### Express and Implied Warranties of Hoover (the Treater) and Lowe's (the Supplier)

The Plaintiff Board seeks recovery for damages resulting from defective roofing of the common elements. § 55–79.79, Code of Virginia, as amended. In addition to seeking recovery against the builder, Declarant, for negligence and breach of their statutory warranty, the condominium owners allege that they are among that class of persons entitled to recover from the supplier and manufacturer of the alleged

defective plywood products on their implied warranties of merchantability and fitness for a particular purpose under the U.C.C. §§ 8.2–314, 8.2–315, Code of Virginia, as amended. The Court does not believe that such claims can be resolved on the pleadings.

The novel issue presented by the various claims, cross-claims, and third party claims does relate to warranties that may exist between parties in the distributive chain (i.e., Hoover to Lowe's to Amurcon). The Plaintiff, as representative of the owners of the common elements of the condominium is neither in vertical (the distributive chain) or in horizontal (within a given class in the distributive chain) privity with the manufacturer and supplier of the wood products. Those having an interest in the common elements acquired finished housing units which incorporated the treated plywood in the roofs. Thus, the inquiry becomes at this stage whether the provisions of § 8.2–318, Code of Virginia, can afford relief to the Plaintiffs. Counsel have spent much time in arguing the policy considerations underlying the application of the statute. This court believes that the application of the statute is not susceptible to any bright-line test but that each case must be judged upon its own facts.

All parties are in agreement that the implied warranties of merchantability and fitness for a particular purpose under the Uniform Commercial Code apply to transactions in goods. §§ 8.2–102, 8.2–314, 8.2–315. Also, they do not dispute the fact that the term "goods" does not include real estate or things not moveable at the time of identification. § 8.2–105, Code of Virginia. Hence, no implied warranty, other than those imposed on the Declarant by statute, are implicated by the sale of condominium units. *Bruce Farms v. Coupe*, 219 Va. 287 (1978). It is a matter of disagreement between the parties as to what transaction should be the focus of inquiry as to the existence of such warranties. Such differences raise the question of the extent to which liability may attach to those not in privity with the plaintiff. Plaintiff in this case argues that the responsibility for product safety and usefulness is not limited to a vertical and horizontal plane but is instead multidimensional and bound only by the expectations set forth by statute.

Thus, Plaintiffs forcefully argue the provisions of § 8.2–318, Code of Virginia, when applied to the facts of this case would permit recovery under the U.C.C. That statute provides:

> Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or

seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods . . . .

Virginia has recognized the concept of vertical privity and applied it to remote manufacturers in the distributive chain. *Rapp v. Whitlock Corp.*, 222 Va. 80 (1981).

As noted by the Plaintiffs, the sales of goods to which Plaintiffs seek to attach liability are those from the manufacturer to the supplier and from the supplier to the builder in the stream of commerce. The issue then becomes whether the anti-privity provisions of § 8.2–318 will afford relief to a third party beneficiary not only outside the distributive chain but also without the class of beneficiaries in some way connected horizontally with the builder. As counsel have noted, the Supreme Court of West Virginia appears to have recognized the right of a home owner to recover against the manufacturer of brick used in the construction of the home. *Basham v. General Shale*, 377 S.E.2d 830 (1988).

The Court is of the opinion that Plaintiffs have alleged sufficient facts to withstand demurrer as to any claim grounded on implied warranties. It is a question of fact as to whether the Plaintiffs are entitled to recover for such warranties pursuant to the provisions of § 8.2–318.

In summary, it should be noted that, in order for the anti-privity provisions of § 8.2–318 to be effective, there must be a sale of goods. The sale of a condominium with FRTP as a component part is not a sale of goods. Similarly, the building materials incorporated in the condominium unit are no longer subject to U.C.C. warranties as a result of the conveyance of the property. This sale is governed by other statutory warranties of the builder (Declarant). Whether or not the statute is applicable to a given Plaintiff will depend upon the facts of the individual case. Extending such warranties horizontally in the case of a sale of goods, being fact specific, does not implicate issues of public policy. Such issues of policy are best left to the legislature.

## Statute of Limitations and Statute of Repose

The Court finds that the issue of the bar of the Statute of Limitations and Statute of Repose (§ 8.01–250, Code of Virginia) cannot be re-

solved on the pleadings but would admit of the taking of evidence. Plaintiff makes very forceful arguments as to sufficiency of the allegations relating to the warranty of future performance and of the existence of the roof as a single common element for purposes for fixing a completion date. At this stage, the Court finds that the pleadings sufficiently state a claim for breach of an express warranty of future performance under § 8.2–725(2) ("plywood would last for the life of the roof"). The future performance exception would be inapplicable to implied warranties. *E. T. Gresham Co. v. Koebring Crane & Excavator Group*, 479 F. Supp. 132 (E.D. Va. 1979). The Court agrees with the arguments that the provisions of § 8.01–250, Code of Virginia, are applicable to tort claims. *Fidelity & Deposit Co. of Maryland v. Bristol Steel*, 722 F.2d 1160 (4th Cir. 1983). While the article submitted would argue to the contrary, this Court will adopt what it believes to be the more reasoned approach in *Fidelity, supra*.

*Consumer Protection Act*
*(Chapter 17 of Title 59.1, Code of Va.)*

While there is a significant question in the mind of the Court as to the applicability of the provisions of Chapter 17 of Title 59.1, Code of Virginia (The Virginia Consumer Protection Act) in this case, it is of the opinion that liability under the Act cannot be determined on the pleadings. This action involves the sale of FRTP to a builder for use in the construction of townhouse condominium units. It is the express intent of the General Assembly to "promote fair and ethical standards of dealing between suppliers and the consuming public" through the Virginia Consumer Protection Act. § 59.1–197, Code of Virginia.

A "consumer transaction," as applicable to the facts of this case, is defined as:

> The advertisement, sale, lease, or offering for sale or lease, of goods or services to be used primarily for personal family or household purposes. § 59.1–198, Code of Virginia.

A "supplier" is defined as:

> A seller or lessor who advertises, solicits, or engages in consumer transactions, or a manufacturer or distributor who advertises and sells or leases goods or services to be resold or leased by other persons in consumer transactions. § 59.1–198, Code of Virginia.

It is declared unlawful for a supplier in connection with a consumer transaction to:

> misrepresent that goods or services have certain quantities, characteristics, ingredients, uses, or benefits . . . misrepresent that goods or services are of a particular standard, quality, grade, style, or model . . . us[e] any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction. § 59.1–200, Code of Virginia.

Persons who suffer a loss as a result of a violation of § 59.1–200 are entitled to recover damages, attorney's fees, and costs in an action against the offender. § 59.1–204, Code of Virginia. The legislature has placed no limitation on recovery to those found in privity with the offending party. Consistent with the broad remedial nature of the act and the focus on promoting fair and ethical standards for suppliers, each case must be judged on its own merits. Accordingly, this, like other inquiries raised by the various pleadings in this case, must await a further factual inquiry.

### Fraud

The Court does not believe that fraud has been pleaded with sufficient specificity in this case. Accordingly, the demurrer will be sustained as to the fraud counts with leave to replead. This ruling would apply to the Motion for Judgment as well as the various other claims in which fraud is alleged. *Tuscarora, Inc. v. B.V.A. Credit Corp.*, 218 Va. 849 (1978).

### Cross-Claims/Third Party Claims

The various cross-claims and third party claims which seek indemnification or contribution are subject to the rule that the applicable statute of limitations does not begin to run until the discharge of the obligation. *Gemco-Ware, Inc. v. Rongene Mold and Plastics*, 234 Va. 54 (1987) (right of action and cause of action distinguished). Furthermore, the pleadings raise factual issues not ripe for adjudication on the pleadings.

### Notice of Breach of Warranty

The Court does not believe that notice of breach of warranty must be specifically pleaded. It is instead a matter for consideration upon the merits of the claim. § 8.2–607, Code of Virginia.

### Negligence

Of the distinction between the law of contract and tort, the Supreme Court has written:

> [t]he controlling policy consideration underlying tort law is the safety of persons and property–the protection of persons and property from losses resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for. If that distinction is kept in mind, the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property on one hand and economic loss on the other. *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 425 (1988).

Thus, the "respective right and duties" of the parties to a construction project are defined by the contracts they enter. "Protection against economic losses caused by another's failure properly to perform is but one provision the contractor may require in striking his bargain." *Blake Construction Co. v. Alley*, 233 Va. 31, 35 (1987). Absent privity, a party is precluded from recovery in tort for only economic loss. As pleaded, the claims of negligence asserted in the various cross-bills relate to disappointed economic expectations. The condominium owners contracted with the Declarant to purchase a home, the Declarant contracted with the supplier to furnish the plywood to roof the common elements, the treater manufactured the plywood product for sale through the distributor — in each case the loss alleged to have been suffered was measured by the expectations of the contracting parties. The "effect of the failure of the substandard parts to meet the bargained-for level of quality was to cause a diminution in the value of the whole, measured by the cost of repair." *Sensenbrenner, supra.*

As pleaded, the damage claim is one resulting in the replacement of the plywood. Thus, the law of contract must apply and not that of tort. *East River S.S. Corp. v. Transamerica Delavel*, 476 U.S. 858 (1986). Plaintiff's argument concerning replacement of shingles, etc., as a re-

sult of the defective plywood is not present in its Motion for Judgment. As these claims would seem barred by the economic loss rule limiting recovery to warranty claims, the Court will sustain the demurrers with leave to the respective parties plaintiff or cross plaintiff to replead.

Amurcon-Loudoun is granted leave to amend the fifth line of paragraph eight of its Third Party Motion for Judgment.