# Richmond

MYRTLE S. CAUDILL v. WISE RAMBLER, INC., AND AMERICAN MOTORS CORPORATION.

June 16, 1969.

Record No. 6951.

Present, All the Justices.

*Carl W. Newman* (*Shannon & Newman*, on brief), for plaintiff in error.

*Leslie M. Mullins; Jackson S. White, Jr.* (*Greear, Bowen, Mullins & Winston; Penn, Stuart & Miller*, on brief), for defendants in error.

EGGLESTON, C.J., delivered the opinion of the court.

On April 5, 1967, Myrtle S. Caudill filed a motion for judgment against Wise Rambler, Inc., and American Motors Corporation to recover damages for personal injuries suffered by her on January 22, 1967 while she was a passenger in an automobile which had been sold to her by Wise Rambler on June 2, 1964 and had been previously manufactured by American Motors. She alleged that while the car was being driven by her adult son at a reasonable rate of speed, because of a defect in its steering mechanism, it suddenly became uncon-

trollable, veered off the highway and struck a barricade, causing serious and painful injuries to her. The motion further alleged that the accident and the plaintiff's injuries were proximately caused by the breach of the defendants' implied warranty to her that the car was constructed of sound material and in a good workmanship manner and was reasonably fit for the purpose for which it was designed.

Each defendant filed a plea of the statute of limitations. The lower court sustained the pleas and dismissed the action on the stated ground that it was barred by Code § 8-24 [Repl. Vol. 1957]. The evidence taken on the pleas is not before us but it seems to be agreed that the facts are correctly stated in the motion for judgment.

The material portion of § 8-24, as amended by Acts of Assembly 1954, c. 589, p. 764, provides: "Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. * * * "

The plaintiff contended in the lower court, as she does before us, that her right to bring her action for personal injuries accrued at the time the injuries were received, on January 22, 1967; and that hence her suit, filed on April 5, 1967, was within the two-year limitation fixed by § 8-24.

The defendants contended in the lower court, as they do before us, that the plaintiff's right to bring the present action accrued at the time of the alleged breach of the implied warranty, that is, when the car was sold to her on June 2, 1964, and that her suit filed on April 5, 1967 was barred by the two-year limitation in § 8-24.

In *Friedman* v. *Peoples Service Drug Stores, Inc.*, 208 Va. 700, 160 S. E. 2d 563 (1968), we held that since an action to recover damages for personal injuries based on a breach of warranty is essentially an action for personal injuries, the limitation thereon is governed by Code § 8-24, and not by § 8-13 applicable to an action based on contract.

The critical issue presented to us in the present case is whether the plaintiff's right to bring her action accrued at the time of the alleged breach of warranty—that is, when she purchased the automobile as the lower court held, or at the time she received her injuries.

We do not agree with the lower court's conclusion that such right accrued at the first instance. Obviously, since the plaintiff had not been injured at the time she purchased the car, she could not then maintain an action for her injuries. To say, then, that her right of action accrued before her injuries were received is to say that she

was without remedy to recover damages for her alleged injuries. Such an unjust and inequitable result is not the purpose of statutes of limitation. They are designed to compel the prompt assertion of an accrued right of action; not to bar such a right before it has accrued.

A right of action cannot accrue until there is a cause of action. 1 Am. Jur. 2d, Actions § 58, p. 590. The essential elements of a good cause of action, whether based on an alleged breach of contract or on a tortious act, are a legal obligation of a defendant to the plaintiff, a violation or breach of that right or duty, and a consequential injury or damage to the plaintiff. In the absence of injury or damage to a plaintiff or his property, he has no cause of action and no right of action can accrue to him. 1 Am. Jur. 2d, Actions § 58, p. 590. Or, to state the matter another way, a plaintiff's right of action for damages for personal injuries does not accrue until he is hurt. Such is the situation in the present case.

In *Carter* v. *Hinkle*, 189 Va. 1, 12, 52 S. E. 2d 135, 140 (1949), we held that from a single wrongful act of the defendant two separate causes of action may arise: one for property damage and the other for personal injuries. This is in accord with the recognized principle that, "There may be several rights of action and one cause of action and rights may accrue at different times from the same cause." 1 Am. Jur. 2d, Actions § 2, p. 541.

Consequently, in the present case, at the time the plaintiff purchased the automobile, when the alleged breach of the implied warranty of fitness occurred, she had a cause of action against the defendants for property damage and a potential cause of action for personal injuries. Her right to recover for property damage accrued at the time of the alleged breach of warranty, that is, when she purchased the automobile. *Richmond Redevelopment & Housing Authority* v. *Laburnum Construction Corp.*, 195 Va. 827, 80 S. E. 2d 574 (1954). Her right to recover damages for personal injuries accrued at the time she was injured. *Sides* v. *Richard Machine Works, Inc.*, 406 F. 2d 445 (4th Cir., 1969); *Barnes* v. *Sears, Roebuck & Co.*, 406 F. 2d 859 (4th Cir., 1969).

In *Sides*, an action for damages for personal injuries was brought by an employee of the purchaser of a gasoline locomotive which he alleged was derailed, causing injuries to him. He alleged that the malfunction of the locomotive was caused by the negligence of the seller in designing and building it. The question involved was whether the

plaintiff's right of action for personal injuries accrued at the time the locomotive was purchased or at the time he was injured. After a careful analysis of the pertinent Virginia cases which controlled the question, the Court of Appeals, in an opinion by Judge Bryan, held that the plaintiff's right of action for damages for personal injuries accrued at the time of his injuries and that a suit brought within two years thereafter was within the period fixed by Code § 8-24.

Similarly, in the *Barnes* case, the same court held that according to the pertinent decisions of the Virginia courts a plaintiff's action for personal injuries, alleged to have been caused by the negligence of the seller in the inspection and sale of a bicycle, accrued at the time of the plaintiff's alleged injuries and not at the time he purchased the bicycle. Consequently his action, brought within two years of the date of his injury, was held to be timely under Code § 8-24.

We agree with these holdings and controlling principles there enunciated.

Our conclusion in the present case and the holdings of the Court of Appeals in the *Sides* and *Barnes* cases, that the respective plaintiff's rights of action for personal injuries accrued at the time they were hurt and not at the time of the alleged breach of warranty, are not in conflict with our decision in *Richmond Redevelopment & Housing Authority* v. *Laburnum Construction Corp., supra*, 195 Va. 827, 80 S. E. 2d 574. There the plaintiff, seeking to recover for damage to its property, alleged the breach of express and implied warranties and fraud because of the contractor's use of defective workmanship and materials in constructing the plaintiff's building. The defects caused an explosion nearly five years after the completion of the work. We held that the plaintiff's cause of action accrued at the time of the breach of the warranties, that is, when the defective work was done, and not at the time of the subsequent explosion. 195 Va. at 836, 80 S. E. 2d at 580. This was so because the plaintiff's property was damaged to some extent at the time the defective work was done. We there applied this principle, as stated in 17 R. C. L., § 129, p. 764:*

" * * * where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefor the statute of limitations attaches at once. It is not material that all the damages resulting from the act should have been sustained at that time and the running of the statute is not postponed by the fact

---

*This principle is stated in substantially the same language in 34 Am. Jur., Limitation of Actions § 160, p. 126.

that the actual or substantial damages do not occur until a later date. * * * " 195 Va. at 839, 80 S. E. 2d at 581.

In the present case the lower court erred in sustaining the pleas of the statute of limitations and dismissing the plaintiff's action. Accordingly, the judgment is reversed and the case remanded for a new trial in accordance with the principles here expressed.

*Reversed and remanded.*