## CIRCUIT COURT OF THE CITY OF RICHMOND

Maxine Burgess

v.

Melvin Anderson

April 24, 1979

Case No. B-1297

By JUDGE MARVIN F. COLE

Dr. Anderson first saw the plaintiff on February 25, 1975, at which time he did a full x-ray examination of her teeth. On February 28, 1975, he advised the plaintiff about what needed to be done, which included nine extractions prior to doing bridgework on her teeth. The following work was subsequently performed for the plaintiff:

| Date | Work |
|------|------|
| 3-3-75 | Extracted two teeth. |
| 3-7-75 | Checked teeth. |
| 3-10-75 | Extracted three teeth. |
| 3-24-75 | Extracted two teeth. |
| 4-2-75 | Put in a filling. |
| 5-6-75 | Check. |
| 5-14-75 | Did preparation for bridgework. Needed two teeth for bridge and trimmed down for bridge. |
| 5-21-75 | Root canal therapy on upper right bicuspid. |
| 6-4-75 | Trimmed teeth in preparation for upper right bridge. |
| 6-9-75 | Took impression for bridge. |

| | |
|---|---|
| 6-19-75 | Cemented both bridges with temporary cement. |
| 6-20-75 | Checked bridges and found to be okay. |
| 7-9-75 | Trimmed teeth in preparation for lower left bridge. |
| 7-16-75 | Preparation for lower right bridge. Took impressions for bridge. |
| 8-20-75 | Lower right bridge cemented. Upper right bridge cemented permanently. All bridges now in place. |
| 9-17-75 | Upper left cemented. All bridgework completed. |
| 11-1-75 | Lower left and lower right had come loose. Cemented with grip, a stronger cement. |
| 2-2-76 | Adjusted lower left bridge. It was a little loose and recemented with tenacin. |
| 6-7-76 | Routine examination. Doing okay. Nothing to be done. |
| 10-25-76 | Lower left bridge recemented. |
| 11-2-76 | Lower left bridge removed. Removed decay. Restored decayed condition with pin, to give strength. |

It was admitted before me that there had been a medical review panel appointed in this matter and that the statute of limitations was tolled from January 26, 1978, through November 3, 1978, while the panel was in deliberation concerning the matter.

If you accept the date that all of the bridgework was completed as of September 17, 1975, then two years later would take you to September 17, 1977, and the action would be barred.

If you accept the date that all adjustments of the bridgework was done as February 2, 1976, or October 25, 1976, or November 2, 1976, then two years later would all be past January 26, 1978, and the statute of limitations would not bar the action.

Since the hearing in the case on the statute of limitations, the Virginia Supreme Court rendered a decision in the case of *Janet Farley v. Roland E. Goode*, record no. 771244 [219 Va. 969 (1979)], which adopts the continuing treatment rule in dental malpractice cases.

After citing several of their previous cases such as *Hawks v. DeHart*, 206 Va. 810, 146 S.E.2d 187 (1966), *Richmond Redevelopment & Housing Authority v. Laburnum Construction Corp.*, 195 Va. 827, 80 S.E.2d 574 (1954), and *Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 168 S.E.2d 257 (1969), the Virginia Supreme Court stated that none of these cases controlled its decision in the *Farley* case. The court stated that in each of those cases the cause of action stemmed from a single isolated noncontinuing wrongful act whereas in the *Farley* case, the action arose from a continuous tort in which the negligent failure to diagnose properly resulted in omission to perform recommended necessary treatment. There is no question that plaintiff's allegations in the case at bar alleged the failure of defendant to not only construct the bridges but to properly adjust same and to properly diagnose the reasons for plaintiff's pain and the reasons for the breaking and falling out of the bridges. The Virginia Supreme Court specifically held in the *Farley* case that "when malpractice is claimed to have occurred during a continuous and substantially uninterrupted course of examination and treatment in which a particular illness or condition should have been diagnosed in the exercise of reasonable care, the date of injury occurs, the cause of action for that malpractice accrues, and the Statute of Limitation commences to run when the improper course of examination, and treatment, if any, for the particular malady terminates."

The Supreme Court pointed out that by "continuous treatment" it did not mean mere continuity of a general physician-patient relationship, but diagnosis and treatment "for the same or related illnesses or injuries, continuing after the alleged acts of malpractice." The case at bar involves treatment solely related to the problems plaintiff was having with her bridges and defendant's treatment thereof. In addition to defendant's failure to diagnose plaintiff's problems as outlined above, defendant continued his treatment in 1977, when he again prepared plaintiff's teeth for the re-insertion of the bridges and then failed to discover the reason for her pain.

For the reasons stated the plea of the statute of limitations is dismissed.