## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Chaleff

v.

First American Bank

November 16, 1982

Case No. (Law) 7065

By JUDGE ALBERT H. GRENADIER

This is a suit by the purchasers of a new condominium dwelling against the seller, alleging various breaches of express and implied warranties. The case was heard by the Court on October 14, 1982. At the conclusion of the evidence the Court heard oral argument and took the matter under advisement. The Court has carefully reviewed the evidence and the memoranda of counsel and has reached the several findings of fact and conclusions of law which follow.

The original motion for judgment contained two counts. Count I alleged breaches of an express warranty and Count II alleged violations of the Uniform Statewide Building Code, found in Virginia Code § 36-97 et seq. On the morning of the trial the plaintiffs filed a pleading styled "Cor-

rected Motion for Judgment." The new pleading retained Count I of the original motion for judgment but changed Count II to allege breaches of statutory warranties under the provisions of Virginia Code § 55-70.1 and § 55-79.79. For the purpose of this opinion the Court will treat the "Corrected Motion for Judgment" as an amended motion for judgment.

With respect to Count I of the amended motion for judgment the Court is of the opinion that the plaintiffs have proved by a preponderance of the evidence that they were in fact given the "Builder's Warranty" (plaintiffs' exhibits 3 and 3A) by the defendant at the time they purchased the property. This warranty is independent of any statutory warranties that may exist under the provisions of Virginia Code § 55-70.1 and § 55-79.79. This warranty requires the purchasers to bring defects to the vendor's attention, in writing, within one year from the date of settlement or date of possession, whichever first occurs. The evidence plainly shows that when the house was conveyed to the plaintiffs it contained a number of serious defects which were reported to the defendant within the required one-year period and which were not corrected. The failure of the defendant to correct these defects constitutes a breach of the warranty. The nature and extent of these defects will be discussed in more detail later in this opinion.

Count II presents a number of more complicated issues which need resolution. The Court will first consider Virginia Code § 55-70.1. This statute was enacted in 1979 and provides that in the sale of a new dwelling the vendor warrants that the dwelling with all its fixtures is, to the best of the actual knowledge of the vendor or his agents, free from structural defects, so as to pass without objection in the trade, and constructed in a workmanlike manner, so as to pass without objection in the trade. If the vendor is in the business of building and selling such dwellings, actual knowledge of the defects by the vendor is not required and in addition the dwelling must be fit for habitation.

The evidence discloses that the defendant bank took back this partially completed condominium project in November, 1975, in lieu of a foreclosure and hired a builder to complete the project. The subject unit was one of those completed by the defendant's builder. It is the Court's opinion that in completing and selling

the units under these circumstances the bank was not engaging in the business of building and selling dwellings. Therefore, in order to take advantage of the warranty prescribed by Virginia Code § 55-70.1 the plaintiffs must show that the defendant or its agents had actual knowledge of the structural defects or the shoddy workmanship. That it did is self-evident. Certainly, the bank cannot avoid the duties placed upon it under this section by hiring a contractor to do the work. The Court is compelled to find from the evidence that the bank, through its agents and employees, had extensive contact with the project and that it had actual knowledge of the structural defects and faulty workmanship. Accordingly, the plaintiffs are entitled to the statutory warranties contained in this section, provided they comply with the filing limitation expressed therein. The warranty contained in § 55-70.1 creates a right not known at common law and makes the two-year limitation the essence of the right as well as a constriction upon the remedy. The right expires upon the expiration of the limitation.

The defendant argues that the claim for breach of this statutory warranty was not filed within two years after the breach of the warranty and says that the plaintiffs have the burden of proving that the claim was made within the limitation provided in the statute. The Court does not agree that the plaintiffs have this burden. Where the statute of limitations is pleaded as a defense, the party relying thereon has the burden of showing by a preponderance of the evidence that the cause of action arose more than the statutory period before the action was instituted. *Columbia Heights, Section 3, Inc. v. Griffith-Consumers Co.*, 205 Va. 43 (1964); *Clifton D. Mahew, Inc. v. Blake Construction Co.*, 482 F.2d 1260 (4th Cir. 1973).

This brings us to the next question and that is when did the cause of action arise and when does the limitation begin to run? The law in Virginia is clear that the cause of action accrues when the defective work is done, and not when it is discovered. *Caudill v. Wise Rambler*, 210 Va. 11 (1969); *Richmond Redevelopment and Housing Authority v. Laburnum Construction Company*, 195 Va. 827 (1954). Therefore, the cause of action had to accrue no later than the date that the defendant or its agents last performed work on the property. Although the evidence is somewhat sketchy on this point, it does

appear that no work was performed after February 29, 1980, the date of the settlement. Any suit brought under Section 55-70.1 would have to be filed within two years from that date.

The cause of action under this Code section was first asserted by the plaintiffs in the amended motion for judgment which was filed on October 14, 1982, the day of the trial. Under the doctrine expressed in *Neff v. Garrard*, 216 Va. 496 (1975), if the amendment sets up no new cause of action and makes no new demands, but simply expands the original cause of action, the amendment relates back to the commencement of the action and tolls the statute as of that date; but an amendment which introduces a new or different cause of action or makes a new or different demand does not relate back and the statute continues to run until the date of the amendment.

The Court is of the opinion that Count II of the amended motion for judgment did introduce new and different causes of action based upon statutory warranties and does not relate back to the filing of the original motion for judgment. Accordingly, the failure of the plaintiffs to bring suit for breach of warranty under Virginia Code § 55-70.1 within the two-year statutory period bars any recovery thereunder.

However, the claim for damages for breach of the warranty against structural defects contained in Virginia Code § 55-79.79 is governed by the usual five-year limitation for damage to property. The plaintiffs' claim for breach of warranty under this section is not time-barred and may be properly asserted in this case. That there were structural defects as defined in § 55-79.79 is without question. Some are even conceded by the defendant.

In summary, then, the Court is of the opinion that the plaintiffs have fully sustained their allegations that the defendant has breached both the express warranty ("Builder's Warranty") and the statutory warranty against structural defects contained in Virginia Code § 55-79.79. We next turn to the nature and extent of those breaches and the damages that arise therefrom.

For breaches of the "Builder's Warranty" the Court finds that the plaintiffs are entitled to recover for the following items in the sums stated:

1. Replace defective and inadequate heating and air conditioning system ... $ 5,250.00
2. Install missing storm window ... 260.00
3. Replace improperly constructed concrete steps ... 595.00
4. Repair improperly constructed and improperly reinforced roof ... 6,660.00
5. Install adequate and safe electrical system ... 885.00
6. Install missing light fixture cover ... 45.00
7. Finish area above downstairs bedroom window ... 85.00
8. Clean and repair exterior walls ... 985.00
9. Repair defective wallboard and tape defective seams ... 1,500.00
10. Repair drywall nail pops, ceilings, etc. ... 1,070.00
11. Install dryer exhaust ... 165.00
12. Replace glass pane upstairs bedroom ... 30.00
13. Align and adjust doors ... 95.00
14. Adjust fixtures and railings ... 150.00
15. Add insulation to R-19 rating ... 1,200.00
16. Replace roof, retaining old shingles ... 5,130.00

In addition, the evidence also shows that the plaintiffs have paid $80.00 to install handles and knobs and to align the kitchen cabinet doors, $99.12 for plumbing repairs and $112.00 for air conditioning repairs. They are entitled to recover for these items also.

The first five items listed above are structural defects as they are defined in § 55-79.79, as well as breaches of the "Builder's Warranty." In addition, the Court finds that the plaintiffs are entitled to recover for two additional structural defects: repair of the bulge in the wall in the amount of $2,800.00, and bracing the floor joists in the amount of $400.00.

The Court is of the opinion that the plaintiffs are not entitled to recover for the remaining items claimed by them. Some of those items are purely cosmetic or are maintenance items and are not compensable in this proceeding. Others simply are not covered by the two warranties. For example, to spend $13,000.00 to raise the ceiling two inches is pure folly and would be a gross case of economic waste. The outside grading and other work designed to solve the drainage problems do not fall under either warranty.

The Court will enter a judgment in favor of the plaintiffs against the defendant in the sum of $27,596.12,

together with interest from the date of judgment and costs.