**SACHS CORPORATION OF U.S.A.,**
**et al.**

v.

**UNITED VIRGINIA BANK, et al.**

Civ. A. No. 82–0859–R.

United States District Court,
E.D. Virginia,
Richmond Division.

March 24, 1983.

John M. Baker, Matthew P. Moriarty, Cleveland, Ohio, Michael Smith, Warren D. Harless, Richmond, Va., for plaintiffs.

James E. Farnham, Hunton & Williams, Philip B. Morris, Browder, Russell, Morris & Butcher, Henry H. McVey, III, McGuire, Woods & Battle, Richmond, Va., for defendants.

ORDER

WARRINER, District Judge.

On 18 February 1983 defendant United Virginia Bank filed a motion for partial summary judgment. Plaintiffs filed a motion on 28 February seeking an extension of time for the filing of a response under the provisions of Federal Rules of Civil Procedure 56(f). Defendant United Virginia Bank failed to respond to this motion within the time permitted by Local Rule 11(F). The Court will consider the motion on the present state of the record.

The Court has examined plaintiff's affidavit, motion, and brief in support of a Rule 56(f) extension and can find no basis upon which the extension should be granted. Such further discovery, although permitted in appropriate cases under Rule 56(f), is unwarranted in this case, where it is clear that it would not be directed at filling a specific evidentiary gap, but rather would consist of blind groping,

undertaken in the hope of finding something to which this suit could be anchored.

*Searer v. West Michigan Telecasters, Inc.,* 381 F.Supp. 634, 643 (W.D.Mich.1974), *aff'd,* 524 F.2d 1406 (6th Cir.1975).

· Plaintiffs do not even intimate a theory of defense against the summary judgment motion filed by defendant United Virginia Bank. Plaintiffs ask that they be granted a period of discovery but they do not suggest that which they seek to discover. At the least, plaintiffs should give the Court some reason to believe that an extension would be worthwhile. All that appears is that plaintiffs entertain the hope that they will stumble across something given time to engage in discovery. Under the circumstances the motion under Rule 56(f) must be denied. *Waldron v. Cities Service Co.,* 361 F.2d 671, 673 (2d Cir.1966), *aff'd sub nom. First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1574, 20 L.Ed.2d 569 (1968); *Schneider v. McKesson & Robbins, Inc.,* 254 F.2d 827, 831 (2d Cir. 1958).

The motion under Rule 56(f) is DENIED, and plaintiffs are DIRECTED to respond to the motion for partial summary judgment within ten days of the entry hereof.

And it is so ORDERED.