### D. Phillip GOODELL, Plaintiff,

### v.

### REHRIG INTERNATIONAL, INC., et al., Defendants.

### Civ. A. No. 87–0700–R.

United States District Court,
E.D. Virginia,
Richmond Division.

April 14, 1988.

---

MEMORANDUM AND ORDER

SPENCER, District Judge.

This matter is before the Court on defendants' motion for summary judgment, plaintiff's two motions to compel discovery, defendants' motion for a protective order, plaintiff's motion for leave to file a second amended complaint, and plaintiff's motion for continuance.

## I

After Goodell graduated from Emory University with a joint degree in law and business administration, he and his wife Julie Rehrig Goodell moved to Richmond, Virginia, where Goodell took a job with the Tredegar Company as Assistant to the President. Tredegar hired Goodell with a view to grooming him to manage and to have an equity position in the company.

At that time Rehrig International, Julie's family's business, was going through a period of financial adversity. In July 1978 Julie's father, Bud Rehrig, asked Goodell to "come into the company, this is going to be yours and Julie's." Goodell understood this to be an offer by Rehrig to hire him in exchange for giving Rehrig Industries to him and Julie. Goodell left Tredegar and came to work for Rehrig Industries.

During his years with Rehrig Industries, Goodell worked his way up in the organization. He asserts that "he accepted a lower salary than he believed he was worth since he knew that the company was half his...." (Br. Opp. 5). Stock certificates had not been issued to any of the owners, and Goodell, as a member of the family, never felt the urge to demand any documentation of his equity interest. "It was not until Julie sued ... Goodell for divorce that Goodell realized that her family might seek to dispute his interest and he thereupon made a demand for the actual transfer of stock, which was refused." (Br.Opp. 5–6).

On July 23, 1987 Bud Rehrig, representing to Goodell that the Board of Directors concurred in his action, fired Goodell as Chief Executive Officer of Rehrig Interna-

Samuel D. Rosen, Milgrim Thomajan & Lee, P.C., New York City, Eliot Norman, Charles L. Williams, Thompson & McMullan, Richmond, Va., for plaintiff.

Michael W. Smith, Dennis O. Laing, Orran Lee Brown, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., for defendants.

tional. Since then, Goodell has diligently sought new employment, but has not found anything comparable to the position he occupied at Rehrig International. Goodell is currently unemployed.

Goodell alleges that the Rehrigs are negotiating to sell Rehrig International for approximately $20 million, a value attributable in substantial part to his efforts.

## II

In addition to his two pending motions to compel discovery, Goodell asserts under Fed.R.Civ.P. 56(f) that his efforts to oppose summary judgment have been hindered by his inability to obtain full discovery. The motions to compel will be resolved first, in order to determine what discovery, if any, Goodell is entitled to. *See Garrett v. City and County of San Francisco*, 818 F.2d 1515 (9th Cir.1987).

In his second motion to compel, Goodell asks that defendants be ordered to respond to a document demand and one of Goodell's second set of interrogatories, which are accompanied by another document demand. The independent document demand seeks all documents related to the Rehrig Family Trust. Defendants did not object to this demand, but rather indicated their willingness to comply to the extent such documents exist. Goodell has made no showing of failure to produce sufficient to support a Rule 37(a) motion regarding Rehrig Family Trust documents at this time.

■ Interrogatory No. 2 in Goodell's second set of interrogatories is designed to obtain a detailed picture of every business Bud Rehrig has ever engaged in. This broad question has seven sub-parts, and sub-part (f) has three sub-parts of its own. Counting his first set of interrogatories, Goodell has exceeded the limit on written interrogatories imposed by Local Rule 11–1(A) without showing good cause for doing so. Defendants will not be compelled to respond to the interrogatory at issue. The document demand annexed to the second set of interrogatories seeks written reports by experts expected to testify for defendants, and a series of documents concerning the businesses addressed by Interrogatory

No. 2. Since defendants will not be compelled to respond to Interrogatory No. 2, there is no need for them to supply the documents requested in connection therewith. The request for experts' written reports is outside the scope of Rule 26(b)(4). Goodell's second motion to compel will be denied.

■ Goodell's first motion to compel concerns paragraph 6 of the document demand accompanying a notice of deposition, and Interrogatories 1, 5 and 6 of Goodell's first set of interrogatories. Paragraph 6 demands "[a]ny and all other documents which refer or relate, directly or indirectly, or which pertain to, any of the defenses asserted in defendants' answer herein." As defendants observe in their responsive brief, this request would require the production of every piece of paper in their files. Its chief flaw is its breadth, which far exceeds even the tolerant limits applicable to discovery requests under the Federal Rules. In addition, this request obviously would encompass privileged material. Defendants will not be compelled to produce anything under paragraph 6.

The interrogatories at issue read as follows:

1. Set forth *in haec verba* each and every portion of Goodell deposition Exhibit 6 which any defendant contends constitutes an accord or satisfaction, in whole or in part, of any of plaintiff's claims at bar.

5. Respecting the question of validity or invalidity of Goodell deposition exhibit 6, set forth in detail each and every manner in which a determination of that question effects [sic] or impacts, in any way, the claims and defenses in suit.

6. Respecting the events, opinions and identities of witnesses referred to in Goodell deposition exhibit 7, specify in detail the manner in which each impacts or effects [sic], in any way, the claims and defenses in suit.

Exhibit 6 is the property settlement between Phillip and Julie Goodell. Exhibit 7 is a letter from Goodell to Julie Goodell's attorney in the divorce proceedings. Dis-

covery is essentially a factual inquiry, and Rule 33(b) permits Goodell to obtain opinions or contentions that "relate to fact or the application of law to fact...." The rule does not permit Goodell to obtain privileged work product. The Court presumes that Goodell's attorneys are just as capable of making a professional legal assessment of the pertinent facts as are defendants' attorneys. Goodell's first motion to compel will be denied.

■ Having determined that there is no discovery outstanding under Goodell's motions to compel, we turn to the Rule 56(f) inquiry. Under Rule 56(f), the nonmoving party must make clear what information is sought and how it would preclude summary judgment. *Sachs Corp. of U.S.A. v. United Virginia Bank,* 97 F.R.D. 504 (E.D.Va.1983). Goodell's brief in opposition to the motion for summary judgment has been searched in vain for indications of how further discovery might help him avert summary judgment. He points to the material addressed in his motions to compel, which have been discussed above. He states that discovery was not yet complete at the time his brief was written, but the mere hope that something might turn up in further discovery does not satisfy the standard of Rule 56(f). See *Sachs,* 97 F.R.D. at 505. Discovery is now virtually complete, and nothing dispositive in Goodell's favor has been brought to the Court's attention. Finally, in assessing Goodell's speculations about what he might discover in this case, it must be remembered that his summary judgment difficulties have more to do with his ability to state a claim in the first place than with his ability to put on a prima facie case were his claims assumed to be adequate. A proper Rule 56(f) showing in this case would have to specifically address the statute of limitations, the vagueness and ambiguity of Goodell's contract and fraud claims, and the existence of by-laws or statutes that were violated by his termination. Despite the opportunity afforded him at the hearing and in the time that has elapsed since, Goodell has failed to meet the requirements of Rule 56(f).

## III

Before discussing the summary judgment issues, it should be noted that the Court is familiar with the amendments Goodell wishes to make and agrees that his second amended complaint would not materially depart from the allegations that the parties dealt with at oral argument on the summary judgment motion. Goodell's motion for leave to amend will be granted, and the summary judgment issues will be determined with that amendment in mind.

### A. *Count One: Breach of Contract*

■ In Virginia, a suit on an oral contract must be brought within three years after the cause of action accrues, which is at breach, not at discovery of any resulting damage. Va.Code Ann. sections 8.01–246(4) and 8.01–230 (1984). The complaint in this suit was filed on November 12, 1987. To avoid summary judgment, therefore, Goodell must point to some evidence that breach occurred on or after November 12, 1984.

Assuming for purposes of this issue that a contract was formed, defendants contend that breach occurred when they were obligated to issue a certificate to Goodell but *failed* to do so. According to Goodell's deposition, he became a 50% owner of Rehrig International when he began working for the company on September 9, 1978, and he was entitled to a certificate then or soon thereafter. (Goodell Dep. 84–86). Defendants argue that there is no genuine dispute as to their failure to issue a certificate to Goodell within three years after September 9, 1978, and that this date is the material one for purposes of Goodell's contract claim.

Goodell contends that breach occurred when the defendants *refused* to honor his demand for a certificate. The demand was made in March or April 1987, around the time of Goodell's divorce. In support of his view Goodell cites *Penley v. Penley,* 314 N.C. 1, 332 S.E.2d 51 (1985), which considered a limitations issue on facts very similar to those presented here, and held that where an oral agreement to issue stock contained no time limit for its per-

formance, breach did not occur until the defendant evidenced an intention not to honor the agreement. 332 S.E.2d at 62–63.

Goodell has failed to take into account the fact that, unlike the contract in *Penley,* his alleged contract specified a time for performance. By his own deposition testimony, a certificate should have been issued to him on the day he came to work for Rehrig International or within a reasonable but short time thereafter. Where the *Penley* holding turned entirely on the defendant's conduct, Goodell's theory of this case turns on an event entirely within his control: his demand for a certificate. When it is kept in mind that he could rightfully have made this demand on the day he started work, it becomes obvious that Goodell's theory of the case would give him the ability to start the statute running at any moment he might choose. Because plaintiffs could delay filing suit almost indefinitely, such a rule cannot be sustained. "[I]t is not the policy of the law to permit the party against whom the statute runs to defeat its operation by neglecting to do an act which devolves upon him in order to perfect his remedy against another." *Chesapeake & Ohio Ry. Co. v. Willis,* 200 Va. 299, 105 S.E.2d 833, 838 (1958). The period limiting Goodell's contract claim began on the day he started work or soon thereafter, approximately nine years ago, therefore it is time-barred.

■ Summary judgment should be granted on Goodell's contract claim for at least one other reason. Goodell says that "[t]he offer made by Bud Rehrig was quite simple: If Goodell joined Rehrig International, the company would be his and Julie's." (Br.Opp. 12). The contract as Goodell describes it, however, is too simple. Where there is no dispute concerning terms, contract formation is an issue of law and therefore not a jury issue. *E.g., Mullins v. Mingo Lime & Lumber Co.,* 176 Va. 44, 48, 10 S.E.2d 492, 493 (1940). " 'In order to be binding, an agreement must be definite and certain as to its terms and requirements; it must identify the subject matter and spell out the essential commitments and agreements with respect there-

to.' " *Progressive Const. Co. v. Thumm,* 209 Va. 24, 161 S.E.2d 687, 691 (1968) (quoting Am.Jur.). Even granting Goodell every fair inference, Bud Rehrig's statement that "this is going to be yours and Julie's" does not identify "this," the subject matter of the purported contract. Nor has Goodell shown facts that might explain when, on what conditions, and in what proportions "this" would become Goodell's and Julie's. Goodell has failed to adequately flesh out his contract in the record: to "produce 'specific facts showing that there is a genuine issue for trial,' rather than resting on the bald assertions of his pleadings." *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985) (quoting Fed.R.Civ.P. 56(e)).

### B. *Count Two: Fraud*

■ Goodell's fraud claim is also inadequate. When asked at his deposition whether he believed that Bud Rehrig was sincere when he asked Goodell to "come into the company, this is going to be yours and Julie's," Goodell answered yes. The Court has reviewed the pertinent deposition materials and finds no indication of confusion or misunderstanding on Goodell's part. Goodell's recent affidavit, in which he states, "I do not know whether Bud meant to transfer the stock to me when he made his promise to do so," will be disregarded for two reasons. First, even if it were considered this affidavit would not establish any genuine dispute as to Bud Rehrig's fraudulent intent. Instead, it is evidence of the speculative character of Goodell's position. Second, affidavits will not be accepted for the purpose of creating a triable issue within a reliable record devoid of such an issue. *E.g., Camfield Tires, Inc. v. Michelin Tire Corp.,* 719 F.2d 1361, 1365 (8th Cir.1983).

Goodell's complaint and deposition are not the stuff that fraud is made of. If every statement as to a future event or every unfulfilled promise provided the basis for a fraud claim, then every breach of executory contract claim would be pleaded together with an attendant fraud claim. Goodell has not pointed to any evidence of fraud. The summary judgment motion will

be granted as to Goodell's fraud claim, which includes his claim for punitive damages.

### C. *Count Three: Unjust Enrichment*

██ Unjust enrichment is an equitable doctrine that arises in this case in the context of quasi contract. *See Norfolk v. Norfolk County*, 120 Va. 356, 91 S.E. 820 (1917). For cases in which the relief sought is solely equitable, Virginia law provides an exception to the rule that a contract action accrues upon breach. Va.Code section 8.01–230. Goodell demands the amount by which the value of his services to Rehrig International exceeds the compensation he received. On this issue the Court believes that a genuine, material factual dispute remains. It will be noted, however, that the issue is framed here as one of quantum meruit, not one of the value of a benefit conferred on Rehrig International, because Goodell's claim is based on personal services. *County of Campbell v. Howard & Lee*, 133 Va. 19, 112 S.E. 876 (1922). With this qualification, defendants' motion will be denied as to the unjust enrichment claim, and Goodell will have the opportunity to prove the value of the work he performed for Rehrig International.

### D. *Count Four: Wrongful Termination*

Defendants have shown to the Court's satisfaction that Goodell's wrongful termination claim lacks a factual predicate. Goodell has failed to identify any statutes or bylaws to support his claim. Accordingly, the summary judgment motion will be granted as to this count.

### IV

Goodell's motion for continuance and accompanying brief have been considered. The Court is not persuaded that defendants' discovery objections, which must be sustained for the reasons stated in Part II above, hindered Goodell's preparations in a manner that would justify a continuance. Because he has not shown good cause to postpone trial herein, Goodell's motion for a continuance will be denied.

### V

For the reasons stated herein,

Plaintiff's two motions to compel discovery are hereby DENIED;

Plaintiff's motion for leave to file his second amended complaint is GRANTED;

Defendants' motion for summary judgment is GRANTED as to Counts One (Contract), Two (Fraud) and Four (Wrongful Termination) of the complaint, but DENIED as to Count Three (Unjust Enrichment), and judgment will enter accordingly at the appropriate time;

Defendants' motion for a protective order is GRANTED and the notices of deposition and document demands described therein are hereby VACATED;

The parties shall bear their own discovery costs;

Plaintiff's motion for a continuance is DENIED; and

It is SO ORDERED.