## CIRCUIT COURT OF WARREN COUNTY

Vaught et al.

v.

Toothman

### March 13, 1992

### Case No. (Law) 91–156

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court for ruling upon the plea of *res judicata* filed by the defendant to the plaintiffs' motion for judgment. Upon consideration of the pleadings and the memoranda of authority filed by the parties, I have made the following [findings and conclusions].

### I. *Findings of Fact*

For the purpose of ruling on the plea of *res judicata*, the following facts have been admitted in the pleadings.

In May, 1988, the parties entered into a contract whereby the defendant was to construct a new residence for the plaintiffs. Although a certificate of occupancy was issued in November, 1988, construction on the residence was not completed until June, 1989.

A dispute arose as to whether or not final payment was due Toothman, and on July 20, 1989, a mechanic's lien was filed by Toothman against the plaintiffs' property which was followed by a duly filed bill of complaint to enforce defendant Toothman's mechanic's lien. The plaintiffs Vaughts filed an answer to the mechanic's lien and a cross bill alleging among other things that the amount which they had already paid to Toothman exceeded the contract price, that the dwelling was not completed by Toothman, and that it was subject to numerous defects in its construction. Based on the later two allegations, a claim was asserted by the Vaughts that Toothman had

breached the warranty set forth in Va. Code § 55–70.1, and they asserted various claims for construction defects and breaches of warranties amounting to $22,000.

The case was transferred to the law side of the Court's docket, and a trial was conducted on December 4, 1990, on the following issues:

(a) What were the terms of the contract for work to be performed by Toothman?

(b) Did Toothman perform the work?

(c) What is the amount, if any, due Toothman?

(d) If Toothman breached parts of the contract, were the Vaughts entitled to offset damages for breach?

On December 4, 1990, after hearing on the merits, the Circuit Court of Warren County entered a final judgment in favor of defendant Toothman in that action, which was styled *Vaught v. Toothman*, Docket No. 89–165.

In the instant action, plaintiff Vaught has filed a motion for judgment setting forth a claim against Toothman for improper construction of the same residence involved in the earlier litigation between the parties based upon the allegedly improper installation of the foundation drain tile, lack of geotextile fabric around stone drains, lack of sealant on foundation walls, and failure to daylight foundation drains to the surface and has pleaded rights of action of breach of warranty, negligence, and fraud. The defendant Toothman has filed a plea of *res judicata* to the present motion for judgment based upon the judgment entered on December 4, 1990, by the Circuit Court of Warren County in the case of *Vaught v. Toothman*, Docket No. 89–165.

## II. *Conclusions of Law*

In *Bates v. Devers*, 214 Va. 667, 670–671, 202 S.E.2d 917 (1974), the Supreme Court of Virginia discussed the distinction between the *res judicata* and the kindred, though narrower, doctrine of collateral estoppel:

> *Res judicata-bar* is the particular preclusive effect commonly mean by the use of the term "res judicata." A valid, personal judgment on the merits in favor of a defendant bars relitigation of the *same cause of action*, or any part thereof which could have been litigated, between the same parties and their privies. *See* Restatement of Judgment §§ 47, 62, 83 (1942).

*Collateral estoppel* is the preclusive effect impacting in a subsequent action based upon a collateral and *different cause of action.* In the subsequent action, the parties to the first action and their privies are precluded from litigating any *issue* of fact actually litigated and essential to a valid and final personal judgment in the first action, *See* Restatement of Judgments §§ 68, 82 (1942).

The dimensions of the "claim" for purposes of the application of the bar of *res judicata* are well defined in the Restatement of Judgments 2d § 24:

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger and bar (see sects. 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Accord, Bates v. Devers,* 214 Va. 667, 672, n. 8. The comment in the Restatement to this section goes on to note that: "The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights."

In order to understand the application of the doctrine of *res judicata*, it is necessary to have an understanding of precisely what the term "cause of action" means because that is the broad transactional concept underlying the application of the doctrine of *res judicata.* The Supreme Court of Virginia recently had occasion to discuss the concept of cause of action in *Trout v. Commonwealth Transp. Commissioner,* 241 Va. 69, 73, 400 S.E.2d 172 (1991):

> An "action" and a "cause of action" are quite different. "Action" is defined by Code § 8.01–2, as noted above. We define "cause of action" in *Roller v. Basic Construction Co.*, 238 Va. 321, 327, 384 S.E.2d 323, 326 (1989), as "a set of operative facts which under the substantive law may give rise to a right of action."

As can be seen, Virginia follows the transaction rule set forth in the Restatement of Judgments 2d, § 24, for purposes of defining "cause of action." The importance of understanding the broad concept of "cause of action" is essential to understanding the application of *res judicata*. One "cause of action" may give rise to myriad rights of action, e.g., breach of contract, breach of warranty, negligence, and statutory claims; however, if the rights of action arise from the same operative set of facts, they are all the same "cause of action" for purposes of the application of the doctrine of *res judicata*.

In *Stone v. Ethan Allan*, 232 Va. 365, 368–369, 350 S.E.2d 629 (1986), the Supreme Court of Virginia had the occasion to discuss the difference between a cause of action and the narrower concept of a right of action:

> There can be no right of action until there is a cause of action. *Caudill v. Wise Rambler*, 210 Va. 11, 13, 168 S.E.2d 257, 259 (1969).
>
> The essential elements of a cause of action, whether based on a tortious act or breach of contract, are (1) a legal obligation of defendant to the plaintiff, (2) a violation or breach of a duty or right, and (3) harm or damage to the plaintiff as a proximate consequence of the violation of the breach . . . . A cause of action does not evolve until all of these factors are present. Specifically, *without injury or damage to the plaintiff, no right of action accrues* . . . .
>
> *Locke v. Johns-Manville Corp.*, 221 Va. 951, 957, 275 S.E.2d 900, 904 (1981) . . . .

However, as broad as the application of the doctrine of *res judicata* is, it applies only to rights of action which have accrued from the cause of action as of the time of the adjudication of the earlier judgment upon which the plea is based. As the Supreme Court of Virginia noted in *Southern R. Co. v. Wash. & C. R. Co.*, 102 Va. 483, 491, 46 S.E. 784 (1904):

> [R]es judicata applies, except in special cases, not only to points upon which the court was actually required, by the parties, to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of the litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time. *Diamond State Iron Co. v. Rarig & Co.*, 93 Va. 603, 25 S.E. 894, and authorities cited. But it cannot be applied to a matter not adjudicated in a former action and which could not have been brought forward for adjudication upon the pleadings in the cause; nor to a matter arising after the former adjudication, even in a second suit between the parties to the former or their privies, if the causes of action are not the same (cites omitted).

In their motion for judgment, the plaintiffs assert rights of action of breach of warranty, negligence, and fraud. The negligence and breach of warranty actions accrued "[w]hen the breach of contract or duty occurred in the case of damage to property and not when the resulting damage is discovered . . . ." Va. Code § 8.01–230. While this rule has been criticized, it is still the general rule applied except where modified by statute. In property damage actions, regardless of whether they are framed as contract, tort, breach of warranty, or statutory rights of action, if the damage or defect existed at the time of purchase, the accrual of the right of action was on the purchase date. *See, Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 13, 168 S.E.2d 257 (1969). Virginia has never adopted the so-called "discovery rule" for purposes of determining when a cause of action accrues for injury to real property, breach of contract, or breach of warranty. *See, Virginia Military Institute v. King*, 217 Va. 751, 232 S.E.2d 895 (1977), and *Housing Authority v. Laburnum Corp.*, 195 Va. 827, 80 S.E.2d 574 (1974). Accordingly, the negligence and breach of warranty claims set forth in the motion for judgment are subject to defendant's plea of *res judicata,* inasmuch as they derive from the same cause of action and are rights of action which had accrued as of the time of the earlier judgment of this Court in chancery action number 89–165.

Fraud actions are an exception to the general rule and are subject to the "discovery" rule insofar as accrual of the cause of action is concerned. Va. Code § 8.01–249. Fraud rights of action must be filed

within two years after the cause of action accrued. Va. Code § 8.01–243.

In this case, although the fraud right of action arose from the same cause of action and transaction as the earlier suit between the parties upon which the plea of *res judicata* is based, nonetheless, a factual issue remains as to whether or not that right of action had "accrued," that is, whether in the exercise of reasonable diligence the facts underlying the present fraud right of action should have been discovered and asserted in the earlier action between the parties. If these facts were discovered, or should have been discovered in the exercise of reasonable diligence during the pendency of the earlier action at a time at which they could have been asserted therein, which would have been at any time up to the actual trial on December 4, 1990, then the fraud right of action, having accrued and arising from the same "cause of action" prior to the earlier judgment, would be barred. If it had not accrued by December 4, 1990, then the present case may proceed on the fraud count. The Court notes that the plaintiffs allege in paragraph 4 of their motion for judgment that "Beginning in October, 1990, plaintiffs began noticing water seeping into the sub-basement and basement of the home during prolonged periods of rainfall," and in paragraph 7 that "[b]y December, 1990, several inches of water was accumulating in the sub-basement during heavy rainfall," which raises a substantial question as to the viability of their fraud action.

## III. *Decision*

For the foregoing reasons, the plea of *res judicata* of the defendant is sustained as to the negligence and breach of warranty rights of action, but it is denied as to the fraud action pending further factual development in this case.