# CIRCUIT COURT OF THE CITY OF NORFOLK

James Davis
and Delores Davis

v.

Tazewell Place Associates

June 20, 1996

Case No. (Law) L95-1261

BY JUDGE CHARLES E. POSTON

This matter is before the Court on defendant's motion for summary judgment. The Court has reviewed the briefs of counsel and the transcript of oral argument. For the reasons stated below, the Court grants the defendant's motion for summary judgment.

It is well established that on summary judgment, the facts are reviewed in the light most favorable to the non-moving party. On June 30, 1992, the plaintiffs James and Delores Davis entered into a contract with the defendant Tazewell Place Associates for the construction of a townhouse. The contract provided that the townhouse was to be constructed in a good and workmanlike manner in substantial accordance with plans and specifications as drawn and supplied by Tazewell. The plaintiffs closed on the contract on March 10, 1993, and received a deed to the property. The deed was silent with respect to any express warranties made by the seller. A few months after closing, the plaintiffs began to notice structural changes and defects in the townhouse. The plaintiffs complained to the defendants about the shoddy work, but Tazewell did not give a satisfactory reply to the plaintiffs. The plaintiffs then engaged an architect and contractor in an attempt to fix the problems. In the process of correcting these defects, it was discovered that the design of the townhouse was flawed. On April 28, 1995, the plaintiffs filed suit against the defendant

alleging breach of contract and negligent design and construction. (The negligence count has since been dropped.)

## Discussion

Rule 3:18 of the Virginia Rules of the Supreme Court states that summary judgment should be granted "[i]f it appears from the pleadings, the orders ... made at a pretrial conference, [or] the admissions ... that the moving party is entitled to judgment." Summary judgment should not be entered "if any material fact is genuinely in dispute." Rule 3:18. Indeed, the Virginia Supreme Court has repeatedly held that "summary judgment is a drastic remedy which is available only where there are no material facts genuinely in dispute." *Turner v. Lotts*, 244 Va. 554, 556 (1992).

Keeping in mind these familiar principles, the Court will now turn to the issues which are at the crux of this dispute. Section 55-70.1(B) of the Virginia Code states that:

> in every contract for the sale of a new dwelling, the vendor, if he is in the business of building or selling such dwellings, shall be held to warrant to the vendee that, at the time of transfer of record title or the vendee's taking possession, whichever occurs first, the dwelling together with all its fixtures is sufficiently (i) free from structural defects so as to pass without objection in the trade, (ii) constructed in a workmanlike manner so as to pass without objection in the trade, and (iii) fit for habitation.

Furthermore, this "warranty shall extend for a period of one year from the date of transfer of record title or the vendee's taking possession, whichever occurs first[,]" and "[a]ny action for its breach shall be brought within two years after the breach thereof." Code § 55-70.1(E).

Here, Section 18 of the contract of sale states that the "Seller warrants the Property to the extent required by § 55-70.1 of the Code of Virginia." The question facing the Court is when was this warranty breached and when did the statute of limitations start to run. In actions relating to damage to property, the cause of action accrues when "the breach of contract or duty occurred ... and not when the resulting damage is discovered." Code § 8.01-230. *See also VMI v. King*, 217 Va. 751, 759 (Virginia does not use discovery rule in determining when statute of limitations begins to run). If a defect existed at the time of purchase, the right of action accrues on the purchase date. *See Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 13 (1969). Here, the plaintiffs are alleging

that the house was not constructed properly. Therefore, the damage or defect, if any, existed on March 10, 1993, at the latest, as that was the date the property was conveyed to the plaintiffs. On that date, the warranty was breached and the statute of limitations began to run. *See Chaleff v. First Am. Bank*, 7 Va. Cir. 170, 174 (1982); *Vaught v. Toothman*, 27 Va. Cir. 214, 218-219 (1992). Since the breach occurred on March 10, 1993, at the latest, the statute of limitations bars the plaintiffs' *statutory* warranty action.

The plaintiffs argue that even if their statutory warranty claim is barred, there is another express warranty claim in the sales contract. The plaintiffs specifically point to Section 5 of the sales contract which states that "[t]he Townhouse to be constructed by Seller as a part of the property will be constructed in a good and workmanlike manner in substantial accordance with the plans and specifications therefor ... ." In response, the defendant argues that the contract disclaimed all warranties except the implied statutory warranty. The defendant notes that Section 18 of the sales contract states that "[n]o ... warranties, express or implied [other than the implied statutory warranty] are made as to the construction of the townhouse."

Admittedly, the defendant certainly *attempted* to disclaim all warranties except for the statutory warranty. However, the attempt failed. Section 55-70.1 allows a party to exclude and disclaim warranties made in connection with the construction and sale of new homes; however, the disclaimer must be in accordance with certain statutory requirements. Section 55-70.1 states that:

> [a] contract for sale may ... exclude any or all express and implied warranties and sell a new home "as is" only if the words used to ... exclude such warranties are conspicuously ... set forth on the face of such contract in capital letters which are at least two points larger than the other type in the contract and only if the words used to ... exclude the warranties *state with specificity* the warranty or warranties that are being ... excluded. If all warranties are waived or excluded, a contract must specifically set forth in capital letters which are at least two points larger than the other type in the contract that the dwelling is being sold "as is." [Emphasis supplied.]

In the instant case, the defendant's attempt to exclude the warranty set forth in Section 5 of the contract was ineffective. The disclaimer did not state with specificity the warranty that was being disclaimed, nor was it in type that was at least two points larger than the type in the rest of the document.

While the disclaimer was ineffective, the express warranty nonetheless was extinguished by the deed under the merger doctrine. Generally, a contract of

sale for land merges into the executed deed. *Bruce Farms v. Coupe*, 219 Va. 287, 289 (1978). The plaintiff argues that this doctrine should not apply to an express warranty as to the quality of workmanship on a house. To support his argument, he points to the case of *Miller v. Reynolds*, 216 Va. 852, 855 (1976). In *Miller*, the plaintiffs purchased land on the express condition that the land percolated. *Id.* at 853. This condition was contained in the contract of sale, but not in the deed. *Id.* After the deed was delivered, it was discovered, to the surprise of both parties, that the land did not percolate. *Id.* at 853-854. The plaintiffs sued for rescission of the contract as the condition regarding percolation had not been met. *Id.* The defendants argued that the merger doctrine barred the plaintiffs' action. *Id.* at 854. The court noted that the merger doctrine had exceptions based on grounds such as fraud or mistake. *Id.* at 855. The court found that there was a mutual mistake of fact and that the merger doctrine did not apply. *Id.* at 856.

*Miller* is, however, not applicable to the facts of the case at bar. In *Miller*, the plaintiffs pleaded mutual mistake, one of the enumerated exceptions to the merger doctrine. *See id.*, at 855. In contrast, the plaintiffs here have not pleaded mistake or fraud. Instead, they are simply bringing suit on the antecedent sales contract. This is not allowed under Virginia's merger doctrine.

Admittedly, there are extremely persuasive, well-reasoned cases to the contrary from other jurisdictions. In *Hudgins v. Bacon*, 321 S.E.2d 359 (Ga. App. 1984), the Georgia Court of Appeals faced a case similar to the case at bar. There the plaintiffs entered into a contract with the defendants which required the defendants to "complete the house 'in a good workmanlike manner'." *Hudgins*, 321 S.E.2d at 362. Plaintiffs brought suit on the contract claiming that the contractual term had been breached. The trial court dismissed the plaintiffs' contract claim, holding that the contract had merged into the deed. *Id.* On appeal, the Georgia Court of Appeals reversed the trial judge. The court held that "the written contract to build does not merge into the deed because where the contract to build 'contains provisions imposing obligations upon the vendor *other than those relating to title or possession, and ... collateral thereto ... such collateral provisions will be held to survive the deed*'." *Id.* at 365 (*quoting Holmes v. Worthey*, 282 S.E.2d 919, 923 (1981)). The court added that "[t]ransfer of the deed, which is performance only of the agreement to convey, does not extinguish any duties and obligations arising out of the agreement to build." *Id.*

The *Hudgins* decision was based upon reasoning found in the earlier decision of *Holmes v. Worthey*, 282 S.E.2d 919 (Ga. App. 1981). There, the Georgia Court of Appeals stated that:

> [t]he real merger-exception rule in the sale of realty is that "where the antecedent contract contains provisions imposing obligations upon the vendor *other than those relating to title or possession, and ... collateral thereto* ... such collateral provisions will be held to survive the deed.". . . . Where the antecedent contract contains an agreement to build, repair or construct as well as an agreement to convey, it is too plain to debate that the actual transfer of the deed (which passes only legal title) is "only a part performance of the provisions of the antecedent ... contract."

*Holmes*, 282 S.E.2d at 923.

As compelling and persuasive as the *Hudgins* opinion may be, this court is obligated to follow the law that exists in this Commonwealth. This Court finds that existing Virginia law does not support the plaintiffs' argument. Consequently, the subsequent deed failed to extinguish the prior contractual warranty. Indeed, it is implied in *Bruce Farms* that, if there is no express warranty in the deed as to the quality of the workmanship on the house, then the plaintiff would have no cause of action for breach of express contractual warranty. *See Bruce Farms*, 219 Va. at 289 ("[t]his [case] poses no issue founded upon express contractual warranty ... [t]he deed is silent").

## *Conclusion*

With reluctance, the Court rules in favor of the defendant on its summary judgment motion. The statute of limitations has run on any implied statutory warranty claim the plaintiff might have. And while it is true that the defendant's disclaimer of other warranties was ineffective, plaintiff cannot sue on the express warranty found in Section 5 of the contract because this warranty was extinguished by the subsequent deed pursuant to the merger doctrine.