# CIRCUIT COURT OF THE CITY OF NORFOLK

Thomasina Valentine

v.

Norfolk Southern
Corporation

June 4, 2007

Case No. CL07-85

BY JUDGE ALFRED M. TRIPP

This case came before the Court on April 5 and May 24, 2007, for hearing on the Demurrer and Special Plea of the Statute of Limitations filed by Defendant, Norfolk Southern Corporation. I have reviewed the pleadings and the memoranda submitted by the parties and have considered the arguments presented by counsel for Norfolk Southern and for Plaintiff, Thomasina Valentine. The following will set forth my rulings on both the Special Plea and the Demurrer.

*Statute of Limitations*

Virginia Code § 8.01-246 establishes the statute of limitations applicable to contract actions. In Virginia, "actions upon any unwritten contract, express or implied" must be brought "within three years." Virginia

Code § 8.01-230 further provides that a cause of action accrues and the statute of limitations begins to run "when the breach of contract occurs in actions *ex contractu.*"

Norfolk Southern contends that Valentine's allegation of a breach of an oral contract is barred by the three-year statute of limitations. Norfolk Southern takes the position that the statute of limitations began to run on February 14, 2003, the date that Valentine alleges that the offer of employment was rescinded. Special Plea, Paragraph 11. Valentine filed her original complaint on February 28, 2006. Valentine argues that her claim is not barred by the statute of limitations and urges the Court to find that the breach of contract occurred on February 28, 2006, when she was allegedly terminated from her eligibility for employee benefits from Norfolk Southern.

For the limited purpose of ruling on Norfolk Southern's Special Plea, the Court will treat Valentine's allegations as sufficient to establish that an unwritten contract was in fact formed and subsequently breached. The Court may then proceed to determine the date of the breach of the contract and decide the statute of limitations question accordingly. *Accord, Goodell v. Rehrig International, Inc.*, 683 F. Supp. 1051, 1054 (E.D. Va. 1988) (the trial court assumed that a contract had been formed, then addressed statute of limitations issue).

The Supreme Court of Virginia has held that the party asserting the statute of limitations as a defense "has the burden of proof to establish facts necessary to prevail" on that plea. *Lo v. Burke*, 249 Va. 311, 316 (1995) (citations omitted). In order to prevail on its Special Plea, then, Norfolk Southern must establish that the alleged breach of contract occurred before February 28, 2003. Valentine states that she received a letter from Norfolk Southern dated January 10, 2003 offering her the opportunity to return to work in the company's Human Resources division if her health permitted. Complaint, Paragraph 6. Valentine further alleges that, on February 6, 2003, she "accepted [the] position" of Senior Training Officer with Norfolk Southern. Complaint, Paragraphs 8-9. Valentine alleges that Norfolk Southern offered her this specific job assignment on February 6, 2003, although the Complaint does not specify the form of this offer. Complaint, Paragraph 8. Valentine claims that, during a telephone conversation on February 14, 2003, two representatives of Norfolk Southern informed her that the "job offer was being rescinded." Complaint, Paragraph 10. Finally, Valentine asserts that she received a letter from Norfolk Southern dated February 21, 2003, informing her that her disability payments and other benefits from Norfolk Southern would "cease" on February 28, 2003. Complaint, Paragraph 11.

As noted above, Norfolk Southern contends that, if it did breach a contract with Valentine, that breach occurred on February 14, 2003, when it allegedly rescinded the offer of employment. Valentine contends that the breach did not occur until February 28, when her employment with Norfolk Southern was officially terminated.

The Court finds that the alleged breach of contract occurred on February 14, 2003, when representatives of Norfolk Southern are alleged to have rescinded the offer of employment. In reaching this decision, the Court relies on the decisions in *Delaware State College v. Ricks*, 449 U.S. 250 (1980), and *Caudill v. Wise Rambler, Inc.*, 210 Va. 11 (1969), which counsel for Norfolk Southern have cited in their most recent submission to the Court. In *Ricks*, the Supreme Court of the United States determined that a civil rights case brought by a university professor had not been timely filed. The Court held that the limitations period for the professor's claim did not begin on the date when the professor's employment with the university actually concluded, but instead began to run "at the time the tenure [denial] decision was made and communicated to" the professor. *Ricks*, 449 U.S. at 258. In reaching that conclusion, the Court drew a distinction between the denial of tenure and "the *effects* of the denial of tenure." *Id.* (emphasis in original). Admittedly, *Ricks* is civil rights case decided under federal law and can thus be distinguished from the present case, a state law contract action, but the Court finds the rationale employed by the Supreme Court to be instructive in this case. The termination of Valentine's disability payments and benefits from Norfolk Southern on February 28 is properly viewed as an "effect" of an alleged breach of contract, not the breach of contract itself.

Norfolk Southern's contention that "the benefits that ceased on February 28 were not benefits of employment, but instead were long term disability benefits of unemployment" is also persuasive. Reply Brief, p. 6 (emphasis omitted).

In addition, Norfolk Southern has cited *Caudill v. Wise Rambler, Inc.*, 210 Va. 11 (1969), in support of its contention that any breach of contract between Valentine and the corporation occurred on February 14. In *Caudill*, the Supreme Court of Virginia noted that the elements of a cause of action for breach of contract are "a legal obligation of the defendant to the plaintiff, a violation or breach of that right or duty, and a consequential injury or damage to the plaintiff." *Caudill*, 210 Va. at 13. The Court finds that any breach of contract between the parties occurred on February 14, 2003, when Valentine alleges that Norfolk Southern rescinded its offer of employment. Although Valentine's disability benefits continued until February 28, Valentine did suffer an injury when the offer was allegedly rescinded. Because all elements

of a cause of action for breach of contract were present on February 14, the Court finds, pursuant to Virginia Code § 8.01-230, that Valentine's cause of action accrued on that day.

Accordingly, the Court sustains Norfolk Southern's Special Plea of the Statute of Limitations.

*Demurrer*

Norfolk Southern has also filed a Demurrer in this case, contending that Valentine has failed to state a cause of action because she has not alleged an employment relationship with Norfolk Southern other than an at-will employment relationship. As Norfolk Southern points out, in Virginia "the employment relationship is presumed to be `at-will,' which means that the employment term extends for an indefinite period and may be terminated for any reason upon reasonable notice." *Progress Printing Co. v. Nichols*, 244 Va. 337, 340 (1992) (citations omitted). A litigant may rebut the presumption of at-will employment by introducing "sufficient evidence . . . to show that the employment is for a definite, rather than an indefinite, term." *Id.* Furthermore, Norfolk Southern correctly asserts that, even "an offer for at will employment is terminable at any time, which includes the time before the prospective employee assumes the position." *Sartin v. Mazur*, 237 Va. 82, 85 (1989). Finally, Norfolk Southern has cited several cases, such as *Graham v. Central Fidelity Bank*, 245 Va. 395 (1993), in support of the proposition that it is appropriate for trial courts to sustain demurrers in cases where the plaintiff has not pleaded facts sufficient to rebut the presumption of at will employment. Memorandum, p. 12.

The Court finds that Valentine's Complaint does not include any allegations that would be sufficient to rebut the presumption of at-will employment. Furthermore, because any claim for breach of an unwritten contract is barred by the statute of limitations, Valentine may only proceed under a theory of breach of written contract. The Complaint has not sufficiently alleged any written contract between the parties. Thus, Valentine has failed to state a claim for which relief can be granted; the Court sustains Norfolk Southern's Demurrer.

In its Demurrer, Norfolk Southern requests that Valentine's Complaint be dismissed with prejudice. In the Court's view, the defects in the Complaint cannot be remedied by amendment. For that reason, the Court will sustain the Demurrer without leave to amend and dismiss this action with prejudice.